Commonwealth *v.* Flood, Appellant.

Argued October 8, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Stanley B. Jones,* and *Jesse Hyman,* for appellant.—
The court erred in denying appellant's several motions
for a continuance based on insufficient time, hostile pub-
lic mind, necessity for expert witnesses and close con-
finement of appellant: Com. v. Buccieri, 153 Pa. 535.

The court erred in denying appellant's motion for a
continuance based on remarks of court as to appellants
plea of "guilty" and statement "defendant would get
no mercy from me": Surface v. Bentz, 228 Pa. 610;
Hale v. Hale, 32 Pa. Superior Ct. 37.

Courts have continued cases for reasons that news-
paper articles published before the time of trial created
such prejudice as to interfere with the jury: Com. v.
Velverdi, 32 Pa. Superior Ct. 241; Com. v. Fletcher,
208 Pa. 137.

The court erred in permitting deceased's father to
testify and in admitting in evidence deceased's clothes
worn at the time of the shooting: Leib v. Painter, 42
Pa. Superior Ct. 399; Piper v. White, 56 Pa. 90, 93;
Germantown Dairy Co. v. McCallum, 223 Pa. 554; Mor-
gan v. Browne, 71 Pa. 130; Beam v. Gardner, 18 Pa.
Superior Ct. 245; Burns v. R. R., 213 Pa. 280.

The court erred in failing to advert to the testimony
of Private Kane having regard to the request made:
Com. v. Colandro, 231 Pa. 343; Com. v. Wasson, 42
Pa. Superior Ct. 38; Com. v. Westley, 300 Pa. 16; Com.
v. Ronello, 251 Pa. 329.

The court erred in refusing counsel's request to more
fully review the testimony of Private Kane: Com. v.
Russogulo, 263 Pa. 93; Meyers v. Com., 83 Pa. 131;
Com. v. Keller, 191 Pa. 122.

The court erred in permitting the district attorney
to elicit from defendant on cross-examination the com-
mission of another offense unconnected with the crime
charged, by propounding questions not of themselves

relating to an offense but designed for the sole purpose of evoking answers which the district attorney knew and the court was informed would disclose the commission of another crime: Com. v. Pava, 268 Pa. 520; Com. v. Cicere, 282 Pa. 492.

*Herman J. Goldberg,* Assistant District Attorney, with him *Thomas M. Lewis,* District Attorney, for appellee.—The court did not err in denying appellant's several motions for continuance: Com. v. James, 294 Pa. 156; Com. v. Delero, 218 Pa. 487; Com. v. Meyers, 290 Pa. 573.

Court did not err in denying appellant's motion for continuance based on remarks of the court as to appellant's plea of guilty.

Court did not err in permitting the father of the deceased to testify and admitting in evidence deceased's clothes worn at the time of the shooting: Com. v. James, 294 Pa. 156.

Court did not err in refusing to charge more fully on the testimony of Private Kane upon cross-examination: Com. v. Dennery, 259 Pa. 223; Com. v. Kaiser, 184 Pa. 493.

The court did not err in refusing to sustain defendant's objection to a certain question of the district attorney: Com. v. Melissari, 298 Pa. 63; Com. v. Emery, 273 Pa. 517; Com. v. Pava, 268 Pa. 520; Com. v. Mellor, 294 Pa. 339.

OPINION BY MR. JUSTICE KEPHART, November 24, 1930:

Appellant, convicted of murder of the first degree and sentenced to death, submits a number of assignments in this appeal, by which he claims the court below committed error in his trial. The murder occurred about eleven o'clock at night, December 21st. Appellant, in company with two others, some time before the murder, visited the gas station in which deceased worked and

it was agreed this was a good place to "stick up." Later, armed with a revolver, which had been taken by him from the keeper of his boarding house, he entered the station, inquired the location of the lavatory, and commanded the attendant to "stick 'em up." The latter, a boy aged 24, refused to obey the command and moved toward defendant who fired a shot. The boy was not armed, but he immediately seized his assailant and in the scuffle that ensued a second shot was fired. One of the shots struck the boy in the abdomen and from this wound he died in a few hours. The killer fled but was later apprehended and taken into custody. At the trial the defense was that, if the killing was done by defendant, his mind was in such a condition from excessive drink that he was mentally irresponsible.

The Commonwealth asked defendant a question on cross-examination which was objected to because it would develop an answer that would show he committed another crime entirely disassociated and separate from the offense for which he was on trial, and the district attorney knew these facts when the question was asked. The question was allowed. This, it is urged, was in violation of the Act of March 15, 1911, P. L. 20. The question was asked appellant when he was detailing where he had been before the attempted robbery, which resulted in this murder. It brought out the story of another hold up of a gasoline station committed some days before. Defendant described this crime in detail.

We have pointed out in many decisions the limitations imposed on the Commonwealth by the Act of 1911, and the circumstances under which it is proper to inquire as to other offenses: Com. v. Dorst, 285 Pa. 232; Com. v. Quaranta, 295 Pa. 264; also Com. v. Dague, 302 Pa. 13. However, this act must be read in connection with the Act of May 14, 1925, P. L. 759, and, when this is done, the former act is found to be modified as it relates to a phase of homicide trials: Com. v. Mellor, 294 Pa. 339; Com. v. Parker, 294 Pa. 144. This inevitably

must follow, if the Act of 1925, which invested juries with the duty of determining the punishment to be administered in cases of capital offenses, is to be judicially administered. In Com. v. Parker, supra, 154, we said: "The Act of 1925 was not passed to help habitual criminals, and we take judicial knowledge of the fact that offenders of that designation have become so general that the law, not only lex scripta but non scripta, must advance to protect society against them." In that case a confession contained statements showing the commission of offenses by defendant other than the one on trial, and we held that it was not reversible error to allow the jury to have this information which was the same as a judge would consider when deciding what punishment should be inflicted for a crime. While the statement in this case might have militated against defendant in a general way, and without the Act of 1925 would have been improper, it became material evidence as an aid to the jury in determining the punishment to be inflicted and in ascertaining whether defendant is entitled to mercy. This class of criminal cases must not be confused with the authorities which exclude prior and subsequent acts as substantive evidence of the commission of a crime. It is here admitted for the sole purpose of enabling the jury to properly administer the punishment and the trial judge should be very careful to explain and emphasize this limitation in his charge to the jury.

A hearing was held and counsel were appointed to represent defendant at the hearing; afterwards they retired and the present counsel were appointed January 21st. Trial was set for February 3d. Before that date, a petition was presented for continuance on the ground of lack of time to prepare the case; it was refused. While it is true that counsel should have sufficient time in which to prepare all cases for trial, especially where the matter involved is so vital as in the present case, there is nothing to show the court below abused its discretion in ordering defendant to be tried February 3d.

While defendant's right is clear, those of society are also clear; it is important that their interests should be protected against unnecessary delays. Persons accused of crimes should be brought to as speedy a trial as the exigencies of their cases demand, otherwise one of the benefits accruing to society will be lost or seriously diminished. Delays through unwarranted or unnecessary continuance should cease. This case is in line with Com. v. Meyers, 290 Pa. 573, 578, where we stated that "the only question......is whether the prisoner's attorney had an adequate opportunity to consult with his client, marshal the evidence and brief the law applicable to the case." The names and addresses of all parties who knew anything about the case, favorable to the accused, were easily ascertainable from him. They were close at hand and the process of the Commonwealth could compel their attendance. The defense, intoxication, made it easier to assemble the evidence, and all the witnesses who knew of it were readily obtainable; they did, in fact, testify in the case. The expert who was expected to give an opinion on some phase of the defense could have easily been procured before trial. Every substantial right of the prisoner was safeguarded and the court below did not err in declining to continue the case. The time allowed was sufficient to prepare for trial.

Counsel for defendant intimated to the court, at side bar, that a plea of guilty might be entered, to this the court replied that the accused could expect no mercy from him. This observation was intended to warn counsel that, if defendant expected a lighter punishment because the case was submitted to a judge, they must not harbor such thought, since the facts then known showed a deliberate robbery and resultant homicide. The statement was made directly to counsel, no one heard it but the attorneys and possibly a court officer close by. The point made of this is that a newspaper reporter in some way learned something of what the court had privately told counsel, and the afternoon edition of his paper car-

ried a story as to the supposed attitude of the court toward the prisoner, and that the remaining jurors to be selected, six having been chosen, being thus informed of the court's feeling, were unduly prejudiced toward defendant. A motion to continue on these grounds was refused. As no jurors heard the comments and as appellant's counsel was given full opportunity to examine jurors on their voir dire as to newspaper comments and their influence on them as jurors, the court's action presents no ground for ordering a new trial.

The deceased's father was called to identify the clothing worn by his boy. Passing the highly technical objection, which is without merit, that when the clothing was actually offered, no objection was made to the offer, the real objection was that the father was called so the minds of the jury might become inflamed and unduly prejudiced against the defendant. "It is error to admit in evidence clothes worn by deceased when it serves no legitimate purpose and does not aid in solving any issue in the case, and its only effect is to inflame the minds of the jury": 30 C. J. 321, section 568; Wharton's Criminal Evidence, volume 2, page 1814. This rule would apply where a parent is called to testify to no material fact. The Commonwealth should not jeopardize its case with doubtful offers of evidence having no merit but used for the purpose of inflaming the jury or begetting sympathy. The rule is otherwise, however, where there is question as to the location of the wounds, their effect and character (Com. v. James, 294 Pa. 156; Wharton's Criminal Evidence, volume 2, page 1813), and there is no known rule of law that will prevent a relative from outbursts of grief while on the witness stand testifying in the case to material matter; courts should, when necessary, handle such situations with a stern hand, and in the interest of justice it should summarily order a new trial, if the jury is, in the opinion of the court, swayed by such conduct. But we are not satisfied that such was the purpose for which the witness was called or the

clothing offered. The evidence was competent to show the position of the boy, when the bullet struck, and its place of entry. The Commonwealth undoubtedly knew these facts were the subject of dispute as the record shows; it was clearly within the discretion of the court below to admit the evidence.

Counsel complains the court below did not sufficiently charge the jury on the testimony of Kane, a member of the state police, as it related to defendant's confession. The complaint.was that it was procured by duress. The court charged quite fully on Kane's testimony; the jury was given all reasonable information from which it could balance and compare the evidence in dispute and base a conclusion on it. A judge in his charge cannot go minutely into all the evidence covering a witness's testimony, and, if evidence has been omitted, special attention should be called to it by counsel. This was not done. The court for this reason did not commit error in refusing a new trial.

The testimony showed a homicide had been committed in the course of robbery in which this defendant was the chief actor. We have read the evidence with care, it contains all the elements of murder in the first degree and the jury was justified in finding this verdict and inflicting the punishment.

All the assignments of error are overruled, the judgment is affirmed and the record remitted for the purpose of execution.