**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Travis Stanley HAMILTON, Defendant-Appellant.**

**No. 30945.**

United States Court of Appeals, Fifth Circuit.

June 10, 1971.

W. E. Gore, Jr., L. Breland Hilburn, Jackson, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Daniel E. Lynn, Asst. U. S. Attys., Jackson, Miss., for plaintiff-appellee.

Before GODBOLD, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

In this appeal from conviction for possession of counterfeit bills in violation of 18 U.S.C.A. § 472, appellant raises numerous issues, all of which we have considered.

■ The court did not err in refusing defendant's requested charge on entrapment. Pierce v. United States, 414 F.2d 163 (5th Cir.1969).

■ Appellant was not given a preliminary hearing, although there is evidence that he requested one, but subsequently he was indicted by the grand jury. This was not reversible error. United States v. Coley and Scogin, 441 F.2d 1299 (5th Cir., 1971).

■ Probable cause for appellant's arrest without a warrant was more than sufficient, so there was no error in denying the motion to suppress. In fact this contention approaches being frivolous.

■ Claims of error based on denial of a mistrial on the ground that one juror inadvertently saw appellant brought into the courtroom in handcuffs and before the cuffs were removed, denial of motion for judgment of acquittal, and refusal to require the prosecutor to furnish to appellant a statement by a government witness, all are so lacking in merit as to require no discussion.

■ The trial judge instructed the jury at unusual length, and with great care and precision, on reasonable doubt. In one sentence of a reasonable doubt charge several pages long the court used language which only a few days before the Supreme Court of Mississippi had condemned in Pryor v. Mississippi, 239 So.2d 911 (1970). Without regard to whether the district judge would be bound by Mississippi precedent, we have considered the charge as a whole and find that the language employed did not constitute reversible error.

Affirmed.