## Commonwealth *v.* Lester, Appellant et al.

Argued April 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*William T. Jorden,* for appellant.

*Joseph T. Messina,* Assistant District Attorney, with him *R. Gordon Kennedy,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

This is an appeal from appellant's conviction for assault with intent to kill.[1] Appellant was tried jointly with Gregory Moyer, who was also found guilty. Appellant contends that the lower court erred in not allowing the jury to find that one of the defendants might have been innocent if the other was found guilty.

Donald Holtz and David Hulings were walking easterly on North Park Row in Erie between 2:00 A.M. and 2:30 A.M. on December 11, 1970. At the same time, appellant and his co-defendant, Gregory Moyer, were walking westerly on the same street. As the two groups passed, an altercation occurred between them, prompting Moyer to pull out a tear gas gun which he fired at Hulings. A slight scuffle then ensued between Moyer and Hulings which eventually was peacefully settled by themselves. Approximately five minutes after the scuffle Hulings and Holtz were walking down Sixth Street when they noticed that they were being followed. Appellant and Moyer testified that they were following about 20 to 40 feet behind Holtz and Hulings. Words

---

[1] Act of June 24, 1939, P. L. 872, §710, 18 P.S. §4710.

passed between the two groups, and a bullet then struck Hulings in the left forearm; seconds later Hulings was struck down by a bullet piercing his back. Appellant and Moyer testified that they did not shoot at Hulings but that they heard the shots and fled. No weapon was ever found.

The Court in its charge stated: "Now, they are what I would call charged as accomplices; that is, one being of mature years and in possession of his ordinary facilities, knowingly and voluntarily cooperates with, or aids another, in the commission of a crime. So, if you should decide that one or the other of these gentlemen fired the bullets and the other didn't fire the bullets doesn't mean you acquit the one who didn't have the gun. They are in the affray together. They are what is known in the eyes of the law as accomplices and, as I say, they sink or swim together. If they are innocent they are innocent together. If they are guilty they are guilty together."

The court did not specifically instruct the jury that they might convict either of the defendants and acquit the other. In the case of *Commonwealth v. Sabo,* 83 Pa. Superior Ct. 166 (1924), this Court held that a failure to instruct a jury that they might convict either of the defendants and acquit the other is not necessarily error. The Court specifically limited its holding to where such instructions were not asked for at the time of trial, and the evidence of the Commonwealth, as a whole, clearly implicated both defendants jointly. See also *Commonwealth v. Kostan,* 349 Pa. 560, 37 A. 2d 606 (1944).

In the instant case it was not clearly established whether the two men were jointly involved in the shooting. It was for this reason that appellant's counsel objected to the charge of the court. The jury should have had the opportunity to determine whether or not one

of the defendants might have been guilty and the other innocent. See *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966).

We, therefore, vacate the judgment of sentence and remand this case for a new trial.