Commonwealth *v.* DeMarco, Appellant.

Submitted April 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*E. J. Julian,* Public Defender, for appellant.

*John F. Bell,* and *George E. Anthou,* Assistant District Attorneys, and *Jess D. Costa,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 19, 1973:

Appellant was convicted by a jury of forgery and false pretenses in connection with a check he cashed in a supermarket. His motion in arrest of judgment or for a new trial was denied, and sentence was imposed. It is sufficient on this appeal to consider only two issues.

The first issue arises from an incident that occurred before the trial. It is probable that appellant, while still handcuffed in the hall and before being brought into the courtroom, was seen by the jury panel. A timely objection was made by defense counsel, who requested that the panel be dismissed. The trial judge refused the request.

In *Commonwealth v. Carter*, 219 Pa. Superior Ct. 280, 281 A. 2d 75 (1971), a similar situation arose. There two jurors saw the defendant being placed in handcuffs during a trial recess. When this was called to the attention of the trial judge, he questioned the jurors in chambers and learned that they had not discussed what they had seen with the other jurors. He then dismissed both jurors; the jury thereby being reduced to eleven, one alternate juror was seated, and the trial proceeded. In upholding this action we quoted with approval the trial judge's opinion rejecting the contention that "the mere display of a nonconvicted defendant in handcuffs . . . is grounds for a mistrial". *Id.* at 283, 281 A. 2d at 77. Where, however, as in the present case, no juror is dismissed, a cautionary instruction by the court, either upon its own motion or in response to a request by defense counsel, is appropriate. The ABA Standards Relating to Trial by Jury §4.1(c) state: "Whenever physical restraint of a defendant or witness occurs in the presence of jurors trying the case, the judge should instruct those jurors that such restraint is not to be considered in assessing the proof and determining guilt." In the present case the court

gave no such instruction. However, none was requested; and we do not consider that the failure by the court to act on its own motion constituted reversible error.

The second issue arises from the investigating detective's testimony during the trial. In identifying appellant, the detective on direct examination testified as follows: "I contacted the City of Pittsburgh Police Department relative to these checks to find out if they had been stolen and it was learned that there had been a burglary and the checks had been stolen. At that time I was placed in contact with a Detective Robert Garlicki with the Burglary Squad, City of Pittsburgh. A few names were learned that these checks had been passed in Allegheny County and the City of Pittsburgh. From these names I proceeded into the City of Pittsburgh and received mug shots of different individuals. I then came back to the State Police Barracks at Washington and looked through our 'known forger' file and got other mug shots, ten altogether."

Defense counsel moved for a mistrial. The trial judge, however, denied the motion, stating that "if necessary we will deal with this in our charge". There was no further reference to the "mug shots" and "known forger" testimony by the trial judge either during the trial or in his charge to the jury.

In *Commonwealth v. Allen*, 448 Pa. 177, 292 A. 2d 373 (1972), it was held that "after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity . . . . Once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed." *Id.* at 181-82, 292 A. 2d at 375.

The fact that the trial in the present case took place before *Allen* is of no consequence, for this court had

stated substantially the same rule. *Commonwealth v. Bruno*, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969); *Commonwealth v. Jamison*, 215 Pa. Superior Ct. 379, 258 A. 2d 529 (1969); *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967).

In the present case the jury had far more than the knowledge that a police photograph was used in the identification process. This was not a "mere introduction" of photographs from which the jury would not likely conclude that appellant had engaged in prior criminal conduct. *Cf. Commonwealth v. Robinson*, 221 Pa. Superior Ct. 167, 288 A. 2d 921 (1972). The jury could infer from the testimony quoted above not only prior contact with the police but at least an arrest of forgery, the very crime for which appellant was on trial. "It is a fundamental precept of the common law that the prosecution may not introduce evidence of the defendant's prior criminal conduct as substantive evidence of his guilt of the present charge. [Footnote omitted.]" *Commonwealth v. Allen, supra* at 181, 292 A. 2d at 375.

The judgment of sentence is reversed and the case remanded for a new trial.

WRIGHT, P. J. and WATKINS, J. would affirm the judgment below.