6

Commonwealth *v.* Weber, Appellant.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard R. Fink,* Assistant Public Defender, for appellant.

*Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

Appellant alleges that the trial judge erroneously denied defense counsel's motion to suppress an in-court identification by one of the Commonwealth's eyewitnesses. Further, appellant argues that the court should have granted counsel's motion for a mistrial after the district attorney elicited information from the Chief of Police that a search warrant had been executed against the appellant on a previous occasion, thereby admitting prejudicial evidence of prior misconduct.

Appellant, Daniel E. Weber, was tried before a jury on September 10, 1973, and was found guilty of committing burglary and larceny on March 15, 1972. At trial, the appellant objected to the proposed testimony of Darwin Overholt, an eyewitness to the episode and a neighbor of Walter Conti, owner of the burglarized premises. A motion to suppress was then heard by the court at which the following facts were elicited: while driving on Old Dublin Pike in Doylestown Township at 12:45 p.m., the witness saw a person, later identified as appellant, leaving his neighbor's home. The witness observed the burglar, full face and in profile, for about a minute to a minute and a half. Realizing that something was amiss, he turned his car around and witnessed the departure of the burglar in a 1966 black and white Thunderbird. An hour later, Julian Shafer, Chief of Police for Doylestown Township, showed the witness two photographs of a black and white Thunderbird. The witness identified the automobile as the one used by the burglar. He was then shown four photographs of the appellant whom he identified. Appellant argues that the photographic array was unfairly suggestive because, once the witness had identified the Thunder-

bird, he assumed that the man depicted owned the automobile and, therefore, must have been the burglar.

It is true, as asserted by appellant, that a pre-trial photo-array can be so suggestive as to violate due process. *Simmons v. United States*, 390 U.S. 377 (1968); cf. *Stovall v. Denno*, 388 U.S. 293 (1967). Therefore, it would be error to admit any evidence tainted by the procedure. *United States v. Wade*, 388 U.S. 218, 241 (1967) citing *Wong Sun v. United States*, 371 U.S. 471 (1963). Where the pretrial procedure is infirm, however, the Commonwealth may still prove the existence of an independent basis for the in-court identification. *Wade*, supra; *Commonwealth v. Spencer*, 442 Pa. 328, 275 A. 2d 299 (1971).

In the instant case, the police had focused on the appellant as a primary suspect. His was the only photograph shown to the eyewitness; the photographs were shown in a manner that suggested to the witness, who had just identified the automobile used in the crime, that the man depicted owned the car. The original identification, therefore, was unduly suggestive, in violation of the appellant's right to due process. The evidence in the record, however, substantiates the Commonwealth's position that there was an adequate independent basis for the in-court identification: The incident occurred at 12:45 p.m. on a clear spring day. The eyewitness, alerted to the fact that a crime was in progress, observed the appellant for a minute to a minute and a half, exclusive of the time that he was turning his car around. At the time of trial, the witness gave a positive identification of appellant and testified that the appellant's face had left an indelible impression in his mind. Finally, when asked ". . . if you did not see those photographs, do you still have an image of the man?", the witness responded affirmatively.

The appellant's second contention is that he was prejudiced by police testimony that the officer had

executed a search warrant against the defendant in 1971, thereby introducing evidence of prior criminal conduct. On direct examination as part of an alibi defense, the appellant testified that shortly after the time of the burglary, his wife phoned him at work to tell him that Chief of Police Shafer and another detective were at their home with a search warrant and an arrest warrant. On rebuttal, Chief Shafer testified that he did not execute a warrant on the date alleged by appellant, but that he had done so in November, 1971, impliedly in connection with a prior crime.

The appellant put the incident in issue in an attempt to exculpate himself. (Cf. *Commonwealth v. Garnett*, 204 Pa. Superior Ct. 113, 203 A. 2d 328 (1964)). He cannot now claim that the court erred in permitting the district attorney to contest appellant's version of the same incident.

Judgment of sentence is affirmed.

JACOBS, J., concurs in the result.