348 A.2d 92
**COMMONWEALTH of Pennsylvania**
v.
**Lester EVANS, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 16, 1975.

Decided Nov. 26, 1975.

Joseph N. Bongiovanni, III, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., B. H. Levintow, Philadelphia, for appellee.

14

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-
ERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Appellant was convicted by a jury of murder in the second degree for the beating death of his employer, Arthur Bock, in January, 1973, in Philadelphia. Following the denial of post-verdict motions, appellant was sentenced to a term of imprisonment of not less than ten nor more than twenty years. This direct appeal was then taken.

Three arguments are advanced as to why the trial court erred in denying appellant's motion for a new trial. We conclude that none of them has merit and therefore affirm the judgment of sentence.

Appellant's first contention is that it was error to refuse his motion for a mistrial when it was brought to the court's attention that two women jurors might have seen the defendant in handcuffs during a court recess. The ruling followed an evidentiary hearing held outside the presence of the jury at the request of the prosecuting attorney. At that hearing, the defendant, the deputy sheriff who was accompanying him at the time of the incident, and another court officer testified. It was established that during the recess in question one juror and one alternate passed close to the defendant and the deputy as they were waiting for an elevator in the hallway outside the courtroom; the defendant's hands were cuffed to a leather belt. There was no testimony that either of the jurors actually saw or appeared to see the defendant. To the contrary, a court officer, Mrs. Wilma Oliver, testified that she had observed the entire incident and had followed the two jurors in an attempt to determine whether they had actually seen the defendant. She reported that neither had turned in the direction of the

defendant as they walked by and that their conversation did not concern the defendant, or having seen him.

Following the taking of this testimony, the assistant district attorney suggested that the court substitute a second alternate juror for the juror who had possibly observed the defendant. Defense counsel, however, refused to agree; he also told the court that he did not think that it would be "helpful" to interrogate the jurors in question as to what they had seen or for the court to give cautionary instructions.

The thrust of appellant's argument is that it is inherently prejudicial for jurors to see a defendant in shackles; that this is so (it is said) because his appearance in shackles or handcuffs "brands him as convicted in the state's eyes", *Commonwealth v. Keeler*, 216 Pa.Super. 193, 195, 264 A.2d 407, 409 (1970), thus destroying the presumption of innocence which every defendant enjoys, and that the only way in which this inherent prejudice can be avoided is to declare a mistrial. The majority of the courts which have considered this issue have concluded to the contrary. In *United States v. Chrzanowski*, 502 F.2d 573 (3d Cir. 1974) the Third Circuit Court of Appeals held that "[t]he fact that jurors may briefly see a defendant in handcuffs is not so inherently prejudicial as to require a mistrial. *United States v. Rickus*, 351 F. Supp. 1386 (E.D.Pa.1972), aff'd, 480 F.2d 919 (3d Cir. 1973); *United States v. Figueroa-Espinoza*, 454 F.2d 590 (9th Cir. 1972); *United States v. Hamilton*, 444 F.2d 81 (5th Cir. 1971); *United States v. Leach*, 429 F.2d 956 (8th Cir. 1970), cert. denied 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971)." Our own Superior Court recently addressed this issue in the case of *Commonwealth v. McGonigle*, 228 Pa.Super. 345, 323 A.2d 733 (1974). There a unanimous court stated:

"It is settled law that a mere accidental observation of a defendant in handcuffs outside a courtroom by a juror does not, without more, require the granting of a

mistrial, although a cautionary instruction by the trial court on the event will be appropriate. *Commonwealth v. DeMarco*, 225 Pa.Super. 130, 310 A.2d 341 (1973). In the absence of a request for such an instruction, however, this Court has declined to grant a new trial. *Id.* The failure of appellant's attorney in the case at bar to enter a proper request on the subject in the lower court must be held to determine the issue adversely to appellant." 228 Pa.Super. at 352, 323 A.2d at 736 (footnotes omitted).

See also *Commonwealth v. Mayhugh*, 233 Pa.Super. 24, 336 A.2d 379 (1975); *Commonwealth v. Carter*, 219 Pa.Super. 280, 281 A.2d 75 (1971).[1] Cf. *Commonwealth v. Martinolich*, 456 Pa. 136, 318 A.2d 680 (1974), appeal dismissed, 419 U.S. 1065, 95 S.Ct. 651, 42 L.Ed.2d 661 (1974).

■■ The present case presents no reason for departing from the position of the cases cited above. The incident took place outside the courtroom and the time involved was very brief; if indeed the defendant was observed and the handcuffs were noted, it was hardly the sort of happening that would contaminate the jury's decision-making process. The trial court acted properly both in conducting a voir dire concerning the incident[2] and in concluding that the hearing established the harmless nature of the incident. Although a cautionary instruction would have been appropriate, see the ABA Standards Relating to Trial by Jury, § 4.1(c) (approved draft, 1968), appellant waived his right to one not merely by failing to request it but by affirmatively indicating his wish that such an instruction be *not* given.

1. But see *Commonwealth v. Cruz*, 226 Pa.Super. 241, 311 A.2d 691 (1973), where the Superior Court granted a defendant a new trial because he had twice been observed handcuffed *inside the courtroom* by the jury.

2. But see *Commonwealth v. Mayhugh, supra.*

The next two assignments of error relate to several incidents involving the daughter of the victim, Susan Bock, who testified as a Commonwealth witness. It is first argued that the court below erred in refusing to compel the prosecutor to stipulate to her testimony. This request was first made by appellant prior to trial and then renewed when, early in the course of her testimony, Miss Bock began to weep.

The general rule is that a party to an adversary court litigation may prove his case by proper evidence and may not be required to accept, in lieu of such evidence, a stipulation as to what it would prove. 31 C. J.S. Evidence § 299 at 1068. We see no reason to deviate from that rule in this case. The Commonwealth has the burden of proving the guilt of the defendant beyond a reasonable doubt; it must be permitted to do that by whatever material evidence it can muster. See *Commonwealth v. Sullivan*, 446 Pa. 419, 437, 286 A.2d 898, 905 (1971); (Opinion in Support of Affirmance); *Commonwealth v. Wendt*, 258 Pa. 325, 102 A. 27 (1917). See also *United States v. Brickey*, 426 F.2d 680, 686 (8th Cir. 1970).

Susan Bock's weeping occasioned two defense motions for mistrial, refusal of which is the next alleged error. The first crying episode is the one alluded to above, and occurred while the witness was testifying on direct examination. As the trial court described it, this was "very soft crying". The court declared a short recess in order to permit Miss Bock to regain her composure. In regard to such incidents, this Court has noted that

"there is no known rule of law that will prevent a relative from outbursts of grief while on the witness stand testifying in the case to material matter; courts should, when necessary, handle such situations with a stern hand, and in the interest of justice it should

summarily order a new trial, if the jury is, in the opinion of the court, swayed by such conduct."

*Commonwealth v. Flood*, 302 Pa. 190, 197, 153 A. 152, 154 (1930). We cannot say that the trial court, which of course observed the episode was wrong in believing that the jury had not been swayed because the incident was of minimal impact or that the Court abused its discretion in denying the motion for a mistrial. See *Commonwealth v. Garrison*, 443 Pa. 220, 279 A.2d 750 (1971).

The other demonstration of grief from the victim's daughter came when the defendant was testifying and Miss Bock was a spectator in the courtroom. There are two conflicting versions of this episode. Defense counsel stated, in support of his mistrial motion, that Miss Bock "became hysterical and in tears, and was escorted from the courtroom by the court officers and for a short period of time could be heard sobbing outside until she was directed to be removed." While no one questioned the accuracy of this version at that time, the trial court did so in its opinion explaining the denial of post-trial motions:

> "Such descriptions are simply not reflective of the actual situation. The Court's clear recollection is that as Miss Bock began to cry she immediately and voluntarily absented herself from the courtroom. It took her only a few seconds to move down the hall away from the closed courtroom door. She subsequently returned to the courtroom completely composed."

Whichever version is correct, we again are unpersuaded that the trial court abused its discretion in refusing to declare a mistrial. *Commonwealth v. Garrison, supra.* We have in the past found courtroom outbursts which were at least as serious, if not more so, than the one here in question, to be non-prejudicial. In *Commonwealth v. Hawkins*, 448 Pa. 206, 292 A.2d 302 (1972), midway through defense counsel's closing argument, the brother

of a murder victim stood up and shouted, "He murdered him. You are a bum"; we refused to find this so "inherently prejudicial that its effect could never be eradicated from the collective mind of the jury." *Id.* at 219, 292 A. 2d at 308. In *Commonwealth v. Glover*, 446 Pa. 492, 286 A.2d 349 (1972), the claim was that the defendant "was denied a fair trial because of an outburst of laughter by spectator-police officers during the opening address to the jury by defense counsel." *Id.* at 495, 286 A.2d at 351. We declined so to hold, characterizing the incident as being "not of serious proportions" and concluding that "no prejudice resulted." *Id.*

Appellant insists that he was prejudiced by the fact that Miss Bock's weeping came at a critical point in his testimony, *i. e.*, when he was testifying as to his alibi and the discovery of the body of Mr. Bock, and that her demonstration irreparably "destroyed the concentration of the jurors as well as their involvement with the testimony." Appellant's Brief at 14. The trial court did not think so, and from our review of the record we agree with the court. It appears that the interruption was relatively brief—not even a recess was required—and the defendant resumed his narrative without difficulty (in fact, he corrected his lawyer as to the point in his testimony he had reached prior to the incident). We cannot say that this interruption was such as to prejudice the defendant.

Judgment of sentence affirmed.

MANDERINO, J., did not participate in the consideration or decision of this case.