371 A.2d 1362

**COMMONWEALTH of Pennsylvania**

**v.**

**Cornelius MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 30, 1975.

Decided March 31, 1977.

134

Donald G. Joel, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from appellant's conviction by a jury of robbery, possession of an instrument of crime, aggravated assault and conspiracy. On February 1, 1974, a robbery and shooting occurred at the Beehive Bar in Philadelphia, Pennsylvania. The back door was locked while six patrons were robbed at gunpoint then forced into the restrooms at the rear of the bar. One of the policemen responding to the call triggered by a silent alarm was shot and wounded as he entered the front door. After exchanging shots with the police, Cornelius Miller, appellant herein, and Roosevelt McDaniels were apprehended at the scene by the patrons and arrested and taken into custody by the police. Outside the bar, appellant scuffled with the police and, before he was subdued, received slight injuries requiring medical attention. He was taken to a hospital where his clothing and

money were seized. A short time later he was removed to a place of detention where he gave a statement to the police. Appellant's post-trial motions were denied, and he now claims errors by the court below require either dismissal of the charges and his discharge, or a new trial.

■ Appellant first claims he was denied his right to a speedy trial since his trial did not begin within 270 days of the filing of the criminal complaint as required by Rule 1100 of the Pennsylvania Rules of Criminal Procedure, 19 P.S., Appendix (1977). The complaint was filed on February 1, 1974, and the last day available for trial was October 29, 1974. The trial began on November 4, 1974 with the suppression hearing which, by order of court, was to be held at trial. See Pa.R.Crim.P. 323(e). Since the Commonwealth did not petition for an extension of time, if four days could not have been excluded from the running of the period, appellant's trial would have commenced beyond the 270 days permitted.

In pertinent part Rule 1100 provides that:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of defendant or his attorney;"

From the record it appears that four days, from Monday, October 28, 1974 through Thursday, October 31, 1974, were properly excluded due to the unavailability of appellant and his counsel. After many delays trial in this case had been set for Monday, October 28, 1974, but was continued until Tuesday, October 29, 1974 at the request of appellant's attorney who was unavailable, having been engaged in an unrelated legal matter outside the city. From Tuesday, October 29 through Thursday, October 31, 1974 appellant and his counsel were engaged in the hearing of a motion to suppress in a different case in which appellant was a defendant and were unavailable for trial in the instant case. Excluding these four days from the period, the last day available for trial was Monday, November 4, 1974 when trial

did commence. Therefore, the motion to dismiss under Rule 1100 was properly denied.

■ Next, appellant contends the court below erred by denying his motion to suppress evidence, in particular his clothing and the money taken from his clothing. He argues that these items were obtained as a result of a warrantless search and seizure in violation of the Fourth and Fourteenth Amendments and should have been suppressed as the fruit of an illegal search and seizure. The basis of his argument is, since he was searched and the clothing seized at the hospital rather than on the street a few minutes earlier when he was arrested, the search was no longer incident to arrest and therefore required a warrant. Of course, the right to a warrantless search incident to a lawful custodial arrest is a well-recognized exception to the Fourth Amendment prohibition of warrantless searches and seizure. *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). Both the United States Supreme Court and our own Supreme Court have held that searches and seizures of the personal effects of a defendant are still incident to arrest when they occur upon arrival at the place of detention, even though the person has previously been placed in custody. In *United States v. Edwards*, supra, clothing was seized 10 hours after arrest, when substitute clothing for the accused had been obtained. The Supreme Court said at page 803, 94 S.Ct. at page 1237:

"It is also plain that searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention."

And, in *Commonwealth v. Bundy*, 458 Pa. 240, 245, 246, 328 A.2d 517, 520 (1974), where the police seized defendant's coat at the place of detention, our Supreme Court, citing *Edwards*, said:

"The mere fact that the seizure of the coat was not contemporaneous with the seizure of the person of the appellant, but rather occurred after he had been removed to the place of detention does not prevent the seizure from being incident to the arrest."

See also *Commonwealth v. Hrynkow*, 457 Pa. 529, 330 A.2d 858 (1974).

■ In the instant case the police could not have been expected to undress appellant on the street when they arrested him, especially since appellant was injured and required medical attention. Therefore, it is clear the police properly seized appellant's clothing and the money upon arrival at the place of detention.*

■ Appellant also claims that the admission of the black revolver was improper since the chain of custody did not show the evidence had not been tampered with. He bases this argument solely on the fact that the property receipt for the gun described it as having a side plate screw missing, while the screw was in place on the gun admitted at trial. However, from the record it appears the exhibit presented was in substantially the same condition as when the police seized it. The Commonwealth adequately demonstrated the chain of custody, including testimony from police personnel who handled the gun in the bar and in the police laboratories. One witness offered a plausible explanation for the screw being in place when the gun was admitted at trial: had the screw fallen into the plastic bag in which the gun had been placed at the scene, he generally would have refastened the screw to the gun prior to test firing, and may have done so in the instant case. The Commonwealth does not have to establish the sanctity of its exhibits beyond a moral certainty; it is sufficient that the evidence allows a reasonable inference that the identity and condition of the exhibits remained unimpaired until they were surrendered to the court. *Commonwealth v. Miller*, 234 Pa.Super. 146, 339 A.2d 573 (1975). The admission of such demonstrative evidence is a matter within the discretion of the trial judge, and absent an abuse of discretion that decision will not be disturbed. *Commonwealth v. Ford*, 451 Pa. 81, 301 A.2d 856 (1973); *Commonwealth v. Wortham*, 235 Pa.Super. 25, 342 A.2d 759 (1975). The judge below did not abuse his discretion in the instant case.

* See *Commonwealth v. Gordon*, 431 Pa. 512, 246 A.2d 325 (1968).

Lastly, appellant contends that his motions for a mistrial should have been sustained as a result of several events during trial which denied him the right to a fair and impartial jury. First, appellant complains that a juror in the jury box may have briefly seen him in handcuffs outside the courtroom. The courtroom door was momentarily opened a few inches when someone attempted to leave, but the door was immediately closed by the court crier. Furthermore, the court crier was standing in the hallway outside the courtroom between appellant and the door. Although the court did not conduct a voir dire of the jurors who may have seen appellant, not wanting to remind them of the incident or magnify its importance in case appellant was seen, the court conducted an evidentiary hearing. As a result the trial court determined that it would have been difficult, if not impossible, for a juror to have seen appellant in handcuffs. In any event, it has been held that a brief, accidental sighting of a defendant in custodial trappings, without more, is not so inherently prejudicial as to significantly impair the presumption of innocence to which a defendant is entitled. If requested by the defense, a cautionary instruction is appropriate. *Commonwealth v. Evans*, 465 Pa. 12, 348 A.2d 92 (1975); *Commonwealth v. McGonigle*, 228 Pa.Super. 345, 323 A.2d 733 (1974). In the instant case the defense did not request a cautionary instruction, and the court properly denied appellant's motion for a mistrial.

Second, appellant argues that the conduct of juror number twelve demonstrated that he was not receiving a fair and impartial trial, so that a mistrial should have been ordered. The record clearly shows that the conduct complained of was minor, at most an incidental departure from the standard of conduct required of jurors. In one instance the juror tapped the assistant district attorney on the shoulder and attempted to make a remark to him, but was cut off immediately and the incident was reported to the court. Another time, during a recess a police officer who was a prospective Commonwealth witness heard a brief remark out in the hall. He believed it was juror number twelve who

said something to the effect that: "Guns are dangerous" or "I hate guns." No one replied to the remark, and no other conversation took place. Although guns were involved in the offense for which appellant was standing trial, neither this remark nor the episode with the district attorney indicate such bias by the juror which would affect his impartiality or ability to fairly consider the evidence in determining guilt or innocence. Having considered these matters at the evidentiary hearing the court below aptly stated:

> "Surely, the defendant is entitled to a trial by a panel of impartial and indifferent jurors. *Irvin v. Doub*, 366 U.S. 717 [81 S.Ct. 1639, 6 L.Ed.2d 751] (1961). There is nothing, however, which guarantees a perfect trial."

Third, appellant claims the district attorney invaded the province of the jury when he asked several witnesses if they "had any doubt" that appellant was one of the participants in the robbery. The district attorney was, in effect, merely asking the witnesses if they were certain of their identification of appellant, and the jury was not being requested to give up any of its responsibility to consider all the evidence presented. Regardless of the witnesses' certainty of appellant's identification, their credibility was still for the jury to determine as the fact-finder, and the jury remained free to believe all, a part or none of the evidence. Hence, we do not find that the trial court abused its discretion in refusing to declare a mistrial, especially in light of the broad discretion the court has in making that determination. See *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975); *Commonwealth v. Marker*, 231 Pa.Super. 471, 331 A.2d 883 (1974).

For the foregoing reasons, the judgment of the court below is affirmed.