396 A.2d 744

**COMMONWEALTH of Pennsylvania**

v.

**Otis SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Dec. 29, 1978.

260

Eugene H. Clarke, Jr., Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This appeal arises from judgment of sentence imposed upon appellant's conviction of burglary, conspiracy, and four counts of robbery. Appellant makes four arguments in support of his prayer for discharge, or, in the alternative, remand for a new trial.

–1–

Appellant argues that his rights under Pa.R.Crim.P. 1100(a) were violated.[1] Appellant was arrested on March 28, 1975. Accordingly, the one hundred eighty day period prescribed in the Rule for the commencement of trial ended on September 25, 1975. Appellant, however, was not tried during that period. On October 6, 1975, the Commonwealth filed a petition pursuant to Pa.R.Crim.P. 1100(c) for an extension of time to commence trial. This petition was initially denied by the lower court as untimely; but upon reconsideration, the court vacated its original order, and granted the petition. Trial commenced on April 20, 1976.

---

1. Pa.R.Crim.P. 1100(a)(2), provides:
 Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

 Our cases hold that a petition under Pa.R.Crim.P. 1100(c) must be filed prior to the expiration of the mandatory period set forth in the Rule for the commencement of trial, or set forth in a previous order granting an extension of time. *Commonwealth v. Delauter*, 257 Pa.Super. 510, 390 A.2d 1354 (1978); *Commonwealth v. Wharton*, 250 Pa.Super. 25, 378 A.2d 434 (1977); *Commonwealth v. Dandy*, 252 Pa.Super. 387, 381 A.2d 972 (1977). Moreover, the Commonwealth will not be allowed to file a petition nunc pro tunc. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975). However, in calculating the mandatory period for the commencement of trial, all periods of delay defined in Pa.R. Crim.P. 1100(d) must be excluded. *Commonwealth v. Shelton, supra; Commonwealth v. Dandy, supra; Commonwealth v. Miller*, 247 Pa.Super. 132, 371 A.2d 1362 (1977). Rule 1100(d) provides:

> In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
> (1) The unavailability of the defendant or his attorney;
> (2) Any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

In the present case, the lower court held that three periods of delay had to be excluded.[2] Because we find that at least one period of delay was properly excluded, and that this period was sufficient to make the filing of the Commonwealth's petition timely, we do not consider whether the other periods were also properly excluded.

**2.** The lower court held that the period from June 9 to July 30, 1975, had to be excluded because the proceedings were delayed by appellant's request to file pre-trial motions; that the period from July 30 to August 27, 1975, had to be excluded because appellant's counsel was on vacation during this time; and that the period from October 9 to October 15, 1975, had to be excluded because the proceedings were delayed by appellant's request to consult with his attorney.

■ On June 9, 1975, a status hearing was held for appellant's case, and the case was listed for trial on August 4, 1975, all pre-trial motions to be filed within two weeks of that date. On July 30 appellant's attorney advised the court that he would be unavailable for trial on August 4 because he was going on vacation. As a result, the case was continued until August 27, 1975. Appellant contends that even though this twenty-three day delay was caused by his attorney's vacation, the delay must be treated as a continuance under subsection (d)(2) of the Rule, and that since the continuance did not exceed thirty days, none of it can be excluded from the one hundred eighty day mandatory period. We believe that the delay, caused by the unavailability of appellant's counsel, must be entirely excluded, and that consequently the one hundred eighty day period did not end until October 18, twelve days after the Commonwealth filed its petition for an extension of time.

It is true that the distinction between a continuance under subsection (d)(2) and a delay caused by the unavailability of a defendant or his attorney under (d)(1) is sometimes hazy—especially if the defendant requests the continuance because of his unavailability. *See Commonwealth v. Bean*, 244 Pa. Super. 368, 375, 368 A.2d 765 (1976) (HOFFMAN, J., dissenting). Recent cases, however, control our disposition here. In *Commonwealth v. Jones*, 250 Pa.Super. 98, 378 A.2d 471 (1977), we held that a thirty-five day delay in the commencement of trial was excludable under subsection (d)(1) because it was caused by defense counsel's unavailability. In *Commonwealth v. Sampson*, 250 Pa.Super. 157, 378 A.2d 874 (1977), we held that a one day delay caused by defense counsel's unavailability for trial on a religious holiday was excludable; and in *Commonwealth v. Miller, supra*, a four day delay of trial because of the defendant's and defense counsel's engagements in other legal matters was similarly excluded. *See also Commonwealth v. Millhouse*, 470 Pa. 512, 517, 368 A.2d 1273, 1276 (1977), where the Supreme Court held that "a defendant who has not waived his right to counsel is 'unavailable' when that defendant appears for

proceedings in connection with his case without defense counsel and such defendant is financially capable of retaining counsel." Here, appellant had private counsel, and the proceedings had to be continued because of counsel's unavailability. Thus, the delay from August 4 to August 27, 1975, was properly excluded by the lower court.

–2–

Appellant next argues that the lower court erred in admitting identification testimony by seven eyewitnesses to the burglary and robberies. Appellant claims that the in-court identifications by all these witnesses were impermissibly tainted by their confrontations with appellant during the four preliminary hearings which were scheduled in appellant's case. In addition, appellant claims that the identifications made by two of the witnesses were also tainted by an unduly suggestive pre-trial photographic display. At a pre-trial suppression hearing, the lower court found that two of the witnesses had indeed been subjected to a suggestive photographic display, but held that the in-court identifications by all seven witnesses were sufficiently reliable to be admitted at trial.

In *Commonwealth v. Fowler*, 466 Pa. 198, 206, 352 A.2d 17, 21 (1976), the Supreme Court held that the following factors should be considered in determining whether an in-court identification has a basis independent of suggestive pre-trial circumstances:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation and the length of time between the crime and the confrontation." [Citation omitted.]

*See also Commonwealth v. Taylor*, 472 Pa. 1, 370 A.2d 1197 (1977); *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975); *Commonwealth v. Hancock*, 455 Pa. 583, 317 A.2d 588 (1974); *Commonwealth v. Holz*, 245 Pa.Super. 376, 369 A.2d 452 (1976); *Commonwealth v. Weber*, 232 Pa.Super. 6,

331 A.2d 752 (1974). Of these factors, the opportunity of the witness to observe the defendant at the time of the incident is considered to be the most important. *Commonwealth v. Wilson*, 450 Pa. 296, 301 A.2d 823 (1973); *Commonwealth v. Spencer*, 442 Pa. 328, 275 A.2d 114 (1971); *Commonwealth v. Tate*, 229 Pa.Super. 202, 209, 323 A.2d 188, 192 (1974) (HOFFMAN, J., dissenting).

In the present case, appellant and three accomplices forcibly entered the residence of Elizabeth Evans, one of the eyewitnesses, while she was entertaining about twenty-five friends and family members. Appellant and two of his co-defendants brandished hand guns, and the other co-defendant carried a double barreled shotgun. The robbers went through the entire house, rounding up the inhabitants and placing them all into the living and dining rooms. Once they had assembled the inhabitants, the robbers ordered them to lie on the floor, and then proceeded to take their valuables. The robbery took approximately forty-five minutes to accomplish, and although it occurred during the evening, the house was well-lit. At the suppression hearing, one witness said he saw appellant's face for a period of thirty seconds at a distance of fifteen feet during the robbery. Another witness said he saw appellant's face for two or three minutes at a distance of ten feet. Three witnesses said they saw appellant's face for several minutes each while appellant was only a foot or two away. The last two witnesses said they saw appellant's face for ten minutes each. None of the witnesses expressed any doubt that appellant was one of the robbers; and all witnesses testified that they remembered appellant from the date of the robbery.

Under these circumstances, the lower court did not err in refusing to suppress the in-court identifications. In *Commonwealth v. Hancock, supra*, the Supreme Court held that an independent basis existed for an in-court identification where the witness viewed the defendant at the time of the incident for three minutes at a distance of three feet. In *Commonwealth v. Weber, supra*, we held that an indepen-

dent basis existed where the incident occurred on a clear spring day and the witness saw the defendant for one to one and a half minutes. The fact that in the present case appellant's preliminary hearing was continued on three occasions, so that the first in-court identification by the witnesses did not occur until seven weeks after the incident, and after six of the seven witnesses had viewed appellant at the earlier hearings, does not distinguish this case.[3] Nor does the fact that two of the witnesses viewed a suggestive photographic display make their in-court identifications unreliable under the present circumstances. (One of these witnesses, Vicki Cobbs, said she saw appellant for several minutes during the robbery, and that at one point he was "right in [her] face, right at the tip of [her] toes." The other witness, Ronald Cobbs, said he saw appellant for a half minute at a distance of fifteen feet.)

–3–

█▌▌ Appellant next argues that his demurrer to the evidence on one of the robbery counts (Bill of Information No. 505) should have been sustained.[4] At trial, the com-

---

**3.** We note that one witness, Drew Upchurch, testified at the suppression hearing that he had not seen appellant at any of the preliminary hearings. Indeed, he said that until the day of the suppression hearing he had not seen appellant since the incident, and that he had never seen appellant prior to the incident. Appellant has not argued that because of the long lapse of time between the dates of the incident and the suppression hearing (almost one year), this witness' identification was unreliable. Upchurch also testified that he viewed appellant for ten minutes during the robbery, and that at one point appellant held a gun at him at a distance of two feet in a well-lit room. We need not determine, however, whether Upchurch's identification should have been suppressed, since even if it should have been, its introduction in this case was harmless beyond a reasonable doubt.

**4.** The Commonwealth claims that although appellant demurred at trial to two other robbery counts, he failed to demur to the count now in question. The Commonwealth thus claims that appellant has waived this argument. *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Because we hold that a demurrer was not sustainable even if it was timely raised, we do not consider the waiver issue.

plainant on this count testified that he was searched at gunpoint by one of appellant's accomplices, and that the accomplice took twenty dollars from his person. The complainant also testified that the robbers took two of his leather jackets from the house. The test to be applied in ruling on a demurrer to the evidence by a defendant is whether the Commonwealth's evidence and all reasonable inferences arising therefrom are sufficient to support a verdict of guilty beyond a reasonable doubt of the crime under consideration. *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977); *Commonwealth v. Mitchell*, 460 Pa. 665, 334 A.2d 285 (1975); *Commonwealth v. Rodgers*, 235 Pa.Super. 106, 340 A.2d 550 (1975). Under this test, appellant's argument is without merit.

–4–

■ Appellant finally argues that the evidence was insufficient to support his conviction on any of the charges. He does not claim that the Commonwealth's evidence failed to establish the elements of the offenses; he claims only that the evidence was insufficient to establish his identity as one of the perpetrators of those offenses. At trial seven witnesses identified appellant as one of the men who broke into Elizabeth Evans' home and robbed the inhabitants. We have held above that this testimony was properly admitted. The identifications by these witnesses were positive and unshaken, and were sufficient to sustain appellant's conviction, notwithstanding the presence of conflicting testimony offered by appellant. *See Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973); *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820, *cert. denied*, 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954).

The judgment of sentence is affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.