397 A.2d 12

COMMONWEALTH of Pennsylvania

v.

Dalton Leonard SMITH, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 23, 1978.

Decided Jan. 24, 1979.

Leonard G. Ambrose, III, Erie, for appellant.

Donald E. Lewis, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

Appellant was sentenced to pay a fine of $25.00 and to serve one and one-half to four years imprisonment for kidnapping, involuntary sexual intercourse, unlawful restraint, and indecent assault. On direct appeal, he raises three arguments for new trial. We find none of the arguments meritorious and, therefore, affirm the judgment of sentence.

Appellant first contends that the jury could infer that he had engaged in prior criminal activity from a prospective juror's mention of a "previous incident a few years back" in which "one of the defendants" was involved. The

lower court excused the juror who made the statement but denied appellant's motion for severance of his trial from his co-defendant's. We conclude that the juror's brief and vague reference to a "previous incident" neither expressly nor by any reasonable implication allowed the other jurors to infer that appellant had engaged in prior criminal activity. *Commonwealth v. Irwin,* 475 Pa. 616, 381 A.2d 444 (1977). See *Commonwealth v. Carlos,* 462 Pa. 262, 341 A.2d 71 (1975).

■ Appellant further contends that he was prejudiced when some jurors accidentally had an opportunity to see his co-defendant in handcuffs outside the courtroom for a five second period. The lower court specifically cautioned the jury that the fact that "one of the defendants" was in handcuffs outside the courtroom "[had] absolutely nothing to do with his guilt or innocence or the guilt or innocence of either of these defendants" and that such handcuffing procedures were routine. "It is settled law that a mere accidental observation of a defendant in handcuffs outside of a courtroom by a juror does not, without more, require the granting of a mistrial, although a cautionary instruction by the trial court in the event will be appropriate. *Commonwealth v. DeMarco,* 225 Pa.Super. 130, 310 A.2d 341 (1973)." (footnote omitted) *Commonwealth v. McGonigle,* 228 Pa.Super. 345, 352, 323 A.2d 733, 736 (1974). We conclude that on the basis of *McGonigle* the lower court did not err in refusing to grant appellant a mistrial.

■ Appellant lastly contends that we should grant him a new trial because the lower court failed to instruct the jury that it could find him innocent even if it chose to find his co-defendant guilty. In fact, the court instructed the jury several times that it must determine the guilt or innocence of "*each defendant on any or all of the charges.* . . . " Moreover, the court specifically instructed the jury that if it found that appellant alone thought the woman was consenting it could find appellant not guilty of all the charges. Under these circumstances, we conclude that the lower court adequately instructed the jury that it might "convict either

of the defendants and acquit the other." *Commonwealth v. Lester,* 223 Pa.Super. 473, 475, 302 A.2d 509, 510 (1973).

Judgment of sentence affirmed.

CERCONE, President Judge, concurs in result.