434 A.2d 1264

**COMMONWEALTH of Pennsylvania,**

v.

**Patrick D. LeCUYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 11, 1980.

Filed Sept. 4, 1981.

---

William J. Wiker, Greensburg, for appellant.

Timothy J. Geary, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

A jury convicted appellant of Burglary, Theft and Receiving Stolen Property. After refusal of post-trial motions, he was sentenced on April 15, 1980 to four to ten years imprisonment on the burglary charge only, and on the charge of receiving stolen property was placed on probation for five years. He has appealed from both sentences.

His first contention is that his trial was prejudiced because on the first morning, after the jury was impaneled, and during a recess, one of the jurors walked past a small room in the courthouse, commonly called the "Bull Pen", and saw the appellant within the room. Apparently the appellant and other prisoners had been brought to the room preliminary to appearing in court, and the door had been open momentarily to let people through. None were handcuffed; all were in ordinary attire except one who was in prison garb. Three officers, in plain clothes, were in the room. A window at the rear was barred but the bars were hidden from sight by curtains.

██ Appellant cites *Commonwealth v. Martinolich*, 456 Pa. 136, 318 A.2d 680 (1974) in support of his argument, but that case, as do other precedents, supports the contrary rule of thumb that accidental sightings of a defendant, apparently in custody, do not require the declaration of a mistrial. 456 Pa. at 161, 318 A.2d 680. See also *Commonwealth v. Evans*, 465 Pa. 12, 15, 348 A.2d 92 (1975); *Commonwealth v. Miller*,

247 Pa.Super. 132, 138, 371 A.2d 1362 (1977) and *Commonwealth v. McGonigle*, 228 Pa.Super. 345, 352, 323 A.2d 733 (1974), in all of which cases the circumstances of the sightings made the possibility of prejudice more likely than in the present case.

Appellant's second contention is that he was improperly prejudiced by the admission into evidence that he had committed another crime shortly before the crimes for which he was currently being charged.

In the present case, appellant was accused of burglary of and theft from Watson's Chevrolet-Oldsmobile in Export, Westmoreland County, on January 30 or January 31, 1976. Several days after the burglary, an abandoned Chevrolet pick-up truck was observed on a parking lot adjacent to Watson's Chevrolet-Oldsmobile. Appellant was charged in Allegheny County with the theft of that Chevrolet pick-up truck. In the present trial, over objection, the court permitted a police officer to testify that, at a court hearing in Pittsburgh, he heard the appellant plead guilty to the theft of the Chevrolet pick-up truck.

Appellant makes two complaints with respect to the admission of that testimony:

(a) that it was not the "best evidence"; and

(b) that the testimony was inadmissible because not sufficiently related to the Westmoreland County offenses and highly prejudicial to him.

■ We believe that there was no error in the admission of this testimony. Appellant's declaration in the Allegheny County court proceeding was an admission against his interest and admissible as an exception to the hearsay rule. The testimony also was relevant to the Westmoreland County offenses, as it tended reasonably to identify the appellant as the perpetrator of those offenses. See dicta in *Commonwealth v. Hude*, 256 Pa.Super. 439, 442, 390 A.2d 183 (1978), and *Commonwealth v. Burger*, 195 Pa.Super. 175, 171 A.2d 599 (1961).

Appellant's third contention is that he may not be found guilty of both burglary and of the offense which it was his intention to commit after the burglarious entry. On this issue, both parties cite *Commonwealth v. Hardrick*, 268 Pa.Super. 103, 407 A.2d 458 (1979).

In this case we have the following situation:

At Information No. 610 April Term, 1976 (hereinafter 610), appellant is charged with (1) burglarizing Watson's Chevrolet-Oldsmobile Building, (2) with the theft while therein of three sets of automobile keys, and (3) with the theft of a 1976 Oldsmobile. Appellant is further charged at Information No. 611 April Term 1976 (hereinafter 611) with theft by receiving stolen movable property, to-wit, a 1976 Oldsmobile.

The jury found appellant guilty on all counts in the two Informations. The sentencing judge sentenced appellant to four to ten years on the burglary count at 610, and five years probation for receiving stolen movable property, to-wit, a 1976 Oldsmobile, at 611. These sentences were proper. The burglary consisted of entering the building with intent to steal the car keys. The jury may, as it did in this case, find the actor guilty of burglary on the basis of entry into the building and stealing the car keys. Appellant was found in possession of the 1976 Oldsmobile, and the car keys were found in his pockets. This evidence adequately supported the charge at 611. The sentencing judge ignored the charge at 610 of theft of the 1976 Oldsmobile, which automobile was outside the building and constituted no element of the burglary charge.

The verdict of guilty of theft of car keys was proper; however, that theft of the car keys for sentencing purposes merges with the burglary charge. *Commonwealth v. Black*, 267 Pa.Super. 598, 407 A.2d 403 (1979). The sentence of five years probation upon the receiving charge at 611 was properly imposed.

We affirm the sentences imposed by the sentencing judge, except that we vacate the verdict of guilty at 610 of theft by the unlawful taking of the 1976 automobile.