395 A.2d 935

**COMMONWEALTH of Pennsylvania**

v.

**Robert LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided Dec. 14, 1978.

50

Warren R. Hamilton, Philadelphia, for appellant.

F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ..

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following jury verdict of guilty to charges of robbery, criminal conspiracy, and possession of prohibited offensive weapon.[1] Posttrial motions were made and denied, and two allegations of trial error are preserved for our consideration.

Factually, it was adduced at trial that on November 12, 1974, three men walked into the office of a gas station in west Philadelphia. Of the three, defendant was one who brandished a shotgun and announced that neither of the two attendants should move. Thereupon the third attendant was brought into the office and corralled. One hundred twenty dollars were taken. Defendant and his companions fled.

At jury selection, during questioning of the last of the prospective jurors, that person stated that she was reluctant to serve on the panel hearing evidence against defendant because she lived in the same area as Lee, had overheard another prospective juror mention that Lee had friends and relatives who were "very tough", and feared reprisals. She had not been directly addressed and could not speculate as to

1. "Crimes Code", Act of 1972, Dec. 6, No. 334, 18 Pa.C.S. §§ 3701, 903, and 908. The Commonwealth has not filed a brief.

whether other jurors had heard the comment. The lower court excused and replaced her, and immediately took up the issue of possible taint of the panel.

The entire panel was asked by the court whether anyone had heard one of their number earlier in the proceedings remark that he knew something about the person being tried. None answered in the affirmative. The prospective juror who had made the offending remark, since excused from service, was brought before the Court in chambers. At this hearing, the man stated that he, while sitting among other prospective panelists awaiting questioning, had whispered to his neighbor that he knew defendant, his friends, and relatives to be miscreants. The panelist to whom he directed his observation was not the woman aforementioned who brought the matter to light, nor did he know who might have overheard his gratuitous remark. After further discussion among both counsel and the Court, defense counsel maintaining that the entire panel should be excused because of the taint, the Court proceeded to call each selected juror before it for interrogation. Each was asked, "Did you hear any person or member of the panel of which you are a part make any comment or reference about the defendant or anybody connected with the defendant?" Each answered negatively. Convinced that the spurious remark had not reached the hearing of the selected panel, the lower court had denied defense motion for mistrial.

■ Appellant argues that this decision was erroneous, and that the triers of fact in the instant case had been prejudiced against him. He argues that a question remained as to how far the remark had been spread. We do not agree, and find that the lower court's inquiry into the issue is a model of thoroughness. The jurors were twice questioned as to whether they had heard the remark. He who had spoken made clear that his comment was directed to a person not selected as a part of the panel and a woman not the one who had first reported the incident. We are at loss to speculate what more could have been accomplished to ferret out whether any of the jurors selected in this case had

heard the remark. The issue is not as appellant argues, so broad as whether anyone heard the remark complained of but whether any member of the jury sworn to try appellant heard it. Insofar as prejudice may have been engendered by the remark among the members of the jury, we agree with the lower court that none can be found and that nothing of record indicates that a fixed bias was planted in the mind of any juror to require mistrial. *Commonwealth v. Hoss,* 445 Pa. 98, 283 A.2d 58 (1971) and *Commonwealth v. Hoss,* 469 Pa. 195, 364 A.2d 1335 (1976).

Secondly, appellant assigns as error a comment by the Commonwealth attorney in his closing:

This defendant is facing charges of robbery, possessing an offensive weapon, allegedly a shotgun, and conspiracy. It was a short case but it's a serious case, I don't have to tell you that. You come from all sections of the City and you know the problems that everybody has in this City. This is a shotgun robbery.

(Whereupon Mr. Hamilton [defense counsel] indicates an objection.)

At the close of argument, appellant moved for mistrial. This was refused, with a curative instruction given by the lower court to the effect that the crime situation in the city has nothing to do with the case.

Much has been said in cases to the effect that the Commonwealth attorney must be a seeker for justice, not vengeance, and in so doing may not attempt to inflame the passions of the jurors. *Commonwealth v. Cherry,* 474 Pa. 295, 378 A.2d 800 (1977). Irrelevant remarks have no place in an argument drawing upon the evidence and fair deduction and inferences therefrom. *Commonwealth v. Bolden,* 227 Pa.Super. 458, 323 A.2d 797 (1974). But we have not held that the prosecutor should be foreclosed from arguing for law and order and the dangers inflicted upon the community by certain criminality. *Commonwealth v. McHugh,* 187 Pa.Super. 568, 145 A.2d 896 (1958). Members of the jury are not forbidden from recognizing their role as citizens. However, when they are encouraged to place themselves in

the circumstances of the victim, thus encouraged emotionally to direct their inquiry away from the facts of the case toward their own sympathies, then will the closing by the District Attorney be held improper. *Cherry, supra.* We do not find such play to the emotions in the instant challenged argument. There is no basis for mistrial on the grounds alleged by appellant.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.