396 A.2d 731

**COMMONWEALTH of Pennsylvania**

v.

**William J. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Dec. 29, 1978.

David E. Auerbach, Assistant Public Defender, Media, for appellant.

Barry Gross, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The facts of this case are set forth in *Commonwealth v. Clark*, 256 Pa.Super. 97, 389 A.2d 619 (1978), which involves a co-defendant of appellant. For reasons stated in *Clark*, the judgment of sentence is reversed and the case is remanded for an evidentiary hearing to determine the time, if any, that is excludable from the 270-day period due to appellant's absence from the prosecuting county while un-

dergoing compulsory process elsewhere. If sufficient time is excludable, further findings may be necessary to clarify and compute the additional days excludable due to the continuances and extensions mentioned in the record. If the lower court finds Rule 1100 has been violated, sentence should be reversed and appellant discharged. If there is no violation of Rule 1100 (as previously decided by the lower court), sentence should be affirmed. Either party shall have the right of appeal from the lower court's disposition of the matter.

■ Two other issues raised by appellant are non-meritorious, but justify separate mention. First, appellant argues that the lower court erred in trying him for two separate robberies at one trial, along with a co-defendant. There were three robberies which took place, one on January 9th, a second on January 17th, and the third on January 18, 1974. Appellant and co-defendant Clark were involved in the ones on January 9th and 17th, Clark and another named Kirkpatrick were involved in the one on January 18th. Appellant was not involved in the one on January 18th. All of the robberies and all three defendants were originally scheduled for trial together on the same date. At a pre-trial suppression hearing, counsel for Kirkpatrick objected to his client being tried with two other persons who were involved in two robberies totally unrelated to the one which involved his client. Appellant's counsel stated: "I would like to voice the same concern and make the same motion with respect to my defendant that Mr. Tomlinson [Kirkpatrick's counsel] has just made." After hearing argument on the suppression motion the court ruled that the January 18th robbery would be separated for trial, and asked, "Now is there any problem? You all understand that?" Appellant's counsel did not object, apparently agreeing with the decision to try appellant and Clark together for the January 9th and January 17th robberies. We find this issue to have been waived.

■ Appellant's other argument is that the lower court erred in refusing to suppress the identification testimony of a witness, Veronica Spedden. The witness testified at the suppression hearing on January 13, 1975, that she had ob-

served appellant at a distance of approximately fifteen feet for approximately twenty to twenty-five minutes, and indicated that, forgetting the photographs she had seen, she had an independent recollection of the two robbers, could remember them in her mind, and could identify both of them if she saw them. This testimony was sufficient to justify the lower court's refusal of the suppression motion as to in-court identification. See *Commonwealth v. Cox*, 466 Pa. 582, 353 A.2d 844 (1976); *Commonwealth v. Spahn*, 235 Pa.Super. 321, 340 A.2d 862 (1975); *Commonwealth v. Weber*, 232 Pa.Super. 6, 331 A.2d 752 (1974).

Reversed and remanded.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.