407 A.2d 36

COMMONWEALTH of Pennsylvania

v.

**Donald BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Decided July 12, 1979.

532

H. Stanley Rebert, Public Defender, York, for appellant.

John A. F. Hall, Assistant District Attorney, York, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

▉▉▉▉ This is an appeal from judgment of sentence after conviction on a narcotics charge. Appellant contends that the court erred in failing to draw an adverse inference from the Commonwealth's failure to call a witness. For the reasons which follow, we reverse and remand for a new trial.[1]

At trial, a state police undercover agent testified that he bought heroin and cocaine from appellant. A confidential

---

1. Appellant raises three other contentions which, if meritorious, would entitle him to a discharge.

Appellant first contends that the court erred in failing to dismiss his Rule 1100(f) motion. However, it appears that trial commenced within the mandatory period excluding two periods of appellant's

informant witnessed the transaction and paid appellant part of the purchase price for the narcotics. At trial, the undercover agent stated that the informant's identity was no longer confidential, and named the informant. However, the Commonwealth did not call the informant. Appellant testified and claimed mistaken identity, stating that he did not know either the agent or the named informant. After the close of the evidence, appellant's counsel requested the court to draw an adverse inference on the issue of identity from the Commonwealth's failure to call the informant. In delivering its verdict on the record, the court said, "our recollection of the testimony is that . . . we do not recall that there was any evidence that the delivery was made in the presence of the informant." In its opinion, the court again stated that there was no basis for drawing any adverse inference because "[t]here was no evidence that the informant was present when the purchase was made."

The "missing witness" rule, as it is often called, holds generally that "when a potential witness is available to

unavailability, including 89 days between the filing of the complaint and service of the arrest warrant, see *Commonwealth v. Martofel*, 248 Pa.Super. 206, 375 A.2d 60 (1977), and 782 days when appellant, while on bail, failed to appear for trial upon notice, until he was recaptured, see *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978).

Appellant next contends that he was deprived of a fair trial because a three-month delay between the criminal incident and his arrest prejudiced his ability to prepare an alibi defense. Appellant has waived this contention by failing to raise it in post-verdict motions. *Commonwealth v. Blair*, 460 Pa. 31, 33 n. 1, 331 A.2d 213, 214 n.1 (1975).

Lastly appellant contends that there was no evidence of identity except the undercover agent's in-court identification of appellant, which should have been suppressed as the fruit of an impermissibly suggestive one-on-one confrontation at appellant's preliminary hearing. However, we find that there was an adequate independent basis for the agent's in-court identification because during his investigation, he three times observed appellant for extended periods of time in good light and without obstruction of appellant's appearance. Moreover, the agent's identification was forthright and unequivocal. See *Commonwealth v. Smith*, 262 Pa.Super. 258, 396 A.2d 744 (1978); *Commonwealth v. Smith*, 262 Pa.Super. 233, 396 A.2d 731 (1978).

only one of the parties to a trial, and it appears this witness has special information material to the issue, and this person's testimony would not be merely cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable." *Commonwealth v. Moore,* 453 Pa. 302, 305, 309 A.2d 569, 570 (1973). The rule does not apply if "the Commonwealth adequately explains its inability to produce the witness . . . or establishes other reasons why the witness need not or should not be called." *Commonwealth v. Paull,* 250 Pa.Super. 416, 420, 378 A.2d 1006, 1007 (1977). For instance, there is some authority for the proposition that the rule is inapplicable where the missing witness is a confidential informant whose identity the prosecution is otherwise privileged to withhold. *United States v. Jackson,* 384 F.2d 825, 828 (3rd Cir. 1967), *cert. denied,* 392 U.S. 932, 88 S.Ct. 2292, 20 L.Ed.2d 1390 (1968) (dicta). Although the rule is not applicable where the missing witness is equally available to both sides, *Commonwealth v. Easley,* 245 Pa.Super. 41, 369 A.2d 283 (1976), a party is not obligated to call a witness whose identity is not made known to him until trial. *Commonwealth v. Whyatt,* 235 Pa.Super. 211, 340 A.2d 871 (1975).

We feel that the "missing witness" rule is applicable to this case. Because appellant's defense was mistaken identity and the informant was present at the buy, the informant's testimony would have been probative as to whether appellant was the person who sold the narcotics to the undercover agent. Although there may be merit for refusing to apply the rule where the missing witness is a confidential informant whose identity is privileged, that is of no significance here, where the informant's identity is no longer confidential *at the time of trial.* Because the name of the informant was not revealed until trial, he was not available to the appellant as a witness.

■ This was a non-jury trial. Appellant alerted the court to the "missing witness" rule at the close of the evidence and requested that the trial judge, as fact-finder,

535

draw the permissible adverse inference from the informant's failure to testify. Had the court simply declined to believe that the informant would not identify appellant, we would have to affirm: the inference is *permissible*, not *mandatory*. However, it appears on the record that the court failed to take the "missing witness" rule into account because of its determination that the informant was not present at the buy. This was incorrect because the Commonwealth's own witness, the undercover agent who made the buy, explicitly testified that the informant was not only present at the transaction, but paid the appellant for a portion of the narcotics purchased.[2] Therefore, we must reverse and remand for a new trial.

Reversed and remanded.

2. The undercover agent testified in part as follows: "On the next day which was the 31st of October, 1973, myself and the confidential informant went to the address and spoke to [appellant]. He relayed the amount of drugs. . . . I asked the [appellant] if the price was still the same, that being $125. He related yes. At this time I handed [appellant] five twenty dollar bills. The confidential informant handed [appellant] one twenty dollar bill, United States currency. . . . This concluded the transaction." N.T. 3.