419 A.2d 64

**COMMONWEALTH of Pennsylvania**

v.

**William NESBITT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Feb. 29, 1980.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that (1) the lower court erred in denigrating the credibility of a defense witness; (2) the lower court erred in excluding extrinsic evidence offered to

prove prior inconsistent statements of Commonwealth witnesses; (3) the lower court erred in failing to give a missing witness charge; and (4) comments made by the prosecutor during closing argument to the jury were improper and deprived him of a fair trial.[1] We disagree and, accordingly, affirm the judgment of sentence.

On April 12, 1977, appellant was arrested and charged with conspiracy and four counts of robbery in connection with the robbery of four individuals in a North Philadelphia apartment. The primary factual dispute at trial was whether appellant had assisted three individuals in committing the robbery or was an innocent bystander. The jury found appellant guilty on all the charges. Following the denial of post–trial motions, the lower court imposed sentence. This appeal followed.

Appellant first contends that the lower court denigrated the credibility of a police detective called by the defense to testify concerning prior inconsistent statements of two Commonwealth witnesses. Defense counsel sought to impeach the credibility of Samuel Robinson, one of the robbery victims by showing that his trial testimony was contrary to statements appearing in a police report prepared after an interview with a detective conducted shortly after the robbery. Defense counsel asked the prosecutor for a "report on this witness's statement." The prosecutor responded that there was no statement, only the police version of what the witness said. Defense counsel insisted that the police version was a statement. At a sidebar conference, the prosecutor told the trial judge that he had no objection to the use of the police report on cross–examination but that he did object to defense counsel's characterization of the report as a "statement" of the witness. He asked the judge to clarify

1. Appellant also contends that the lower court erred in extending the scope of cross–examination of a defense witness. This issue, however, is not preserved for our review because it was not included in appellant's post–trial motions and was not considered by the lower court. *Commonwealth v. Gravely*, 486 Pa. 194, 198, 404 A.2d 1296, 1297 (1979); *Commonwealth v. Carillo*, 483 Pa. 215, 217, 395 A.2d 570, 571 (1978); *Commonwealth v. Blair*, 460 Pa. 31, 33 n.1, 331 A.2d 213, 214 n.1 (1975).

the nature of the report. Defense counsel stated that he did not object to such an explanation. Subsequently, Robinson denied making a certain statement to the detective. Defense counsel then asked Robinson why the detective had this statement in his report. In response to the prosecutor's objection, the trial judge stated:

I will sustain your objection. What counsel was reading from here; a detective interviews a lot of people and a detective sits down at a typewriter and types up a report.

What counsel is reading is not a statement of the witness, Mr. Robinson, but the resume prepared by the detective of this witness's interview, and, perhaps, other interviews. I don't know what appears on there.

Subsequently, the trial judge stated:

This is not [Robinson's] work product, it is a statement based on something else.

Let me illustrate that for the jury. If you say something to me and I later on this afternoon, if I wrote down what you said to me and many people said to me and I combined it or consolidated it, it would be grossly unfair to have somebody cross examine you on what I have written down.

During the cross-examination of another Commonwealth witness, William Thomas, the following occurred:

[DEFENSE COUNSEL]: Can I see the witness' statement in the police report, please?

[PROSECUTOR]: We have no such item.

THE COURT: He has said there is no such statement. There was a 49 report prepared by the detective, so it is not a statement, but you may see the investigative report by the detective.

. . . . .

[Defense counsel showed the police report to the judge.]

THE COURT: . . .

This is not a statement; this is merely the detective's resume of his interview with this defendant [sic], William Thomas.

Later in the trial, the defense called to the stand the detective who had prepared the police report. The detective testified that all four victims were together when he interviewed them, but that he had questioned them individually. He stated that he did not take notes verbatim, but paraphrased what the witnesses said. In preparing his police report two days later, he paraphrased his notes. On cross-examination, the detective stated that he had a problem interviewing the witnesses because while he would interview one witness, another witness would talk.

"The role of the trial judge should be one of impartiality; as such he should refrain from any conduct or comment which indicates favor or condemnation." *Commonwealth v. Phillips*, 183 Pa.Super. 377, 381, 132 A.2d 733, 736 (1957). It is well settled that "[w]hile the main purpose of a judge is to state and explain the law and briefly review the evidence, it is always the privilege and sometimes the duty of a trial judge to express his own opinion, including his opinion of the weight of the evidence and effect of the evidence or its points of strength and weakness . . ., provided (1) there is reasonable ground for any statement he may make; and (2) he clearly leaves to the jury the right to decide all the facts and every question involved in the case regardless of any opinion of the court thereon." *Commonwealth v. Romano*, 392 Pa. 632, 636–37, 141 A.2d 597, 599 (1958) (quoting *Commonwealth v. Chambers*, 367 Pa. 159, 164, 79 A.2d 201, 204 (1951)). Moreover,

> "Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. *A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.*"

*Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973) (quoting *Commonwealth v. Phillips, supra* 183 Pa.Super. at 382, 132 A.2d at 736) (emphasis added by *Goosby* Court).

■ We conclude that the remarks of the trial judge in this case were not so prejudicial as to require granting appellant a new trial. The trial judge's description of the police report was corroborated by the detective who prepared the report. Although we do not approve of the trial judge's use of the words "grossly unfair" in explaining the police report to the jury, the remarks cannot " 'reasonably be said to have deprived the [appellant] of a fair and impartial trial.' " *Commonwealth v. Goosby, supra.*

Appellant next contends that the lower court erred in excluding extrinsic evidence offered to prove prior inconsistent statements of Commonwealth witnesses. In cross–examining the victims of the robbery, defense counsel read from the transcript of the preliminary hearing in this case to show that the witnesses' trial testimony contradicted their testimony at the preliminary hearing. The defense called the official court reporter who was the stenographer at the preliminary hearing. The court reporter described the procedure he followed in transcribing the notes of testimony and stated that he placed his signature on the back cover of the transcript following his certification that the transcript accurately reflected the testimony at the preliminary hearing. At a sidebar conference, defense counsel told the trial judge that he planned to ask the court reporter to read those statements in the preliminary hearing transcript which the Commonwealth's witnesses either denied or did not remember making. The trial judge sustained the prosecutor's objection to this offer of proof.

■ In the instant case, the court reporter's testimony that the preliminary hearing transcript accurately reflected the testimony at the hearing was sufficient to impeach the credibility of the witnesses who denied making the statements attributable to them. Because defense counsel read from the transcript when cross–examining the witnesses, to allow the court reporter to read those portions of the transcript would have been cumulative. The admission of cumulative evidence rests within the discretion of the trial court. 23 C.J.S. *Criminal Law* § 1041 (1961). *See Common-*

wealth v. *Stoltzfus*, 462 Pa. 43, 66, 337 A.2d 873, 884 (1975); *Commonwealth v. Leamer*, 449 Pa. 76, 82, 295 A.2d 272, 275 (1972); *Commonwealth v. Moore*, 440 Pa. 86, 90, 270 A.2d 200, 203 (1970); *Commonwealth v. Shriner*, 232 Pa.Super. 306, 314, 332 A.2d 501, 505 (1974). We conclude that the lower court did not abuse its discretion in sustaining the prosecutor's objection to defense counsel's offer of proof.

Appellant next contends that the lower court erred in refusing his request to charge the jury that it could draw an adverse inference from the Commonwealth's failure to call eyewitnesses. Although nine individuals were in the apartment at the time of the robbery, the Commonwealth called only the four victims. One of the nonvictim eyewitnesses testified for the defense. On cross–examination of Samuel Robinson, defense counsel sought to elicit the names, addresses, phone numbers, and present whereabouts of the other eyewitnesses. After the trial judge sustained the prosecutor's objection to this line of questioning, the prosecutor agreed to make available to the defense all the information he had regarding these witnesses.

■ In *Commonwealth v. Brown*, 267 Pa.Super. 530, 407 A.2d 36 (1979), our Court stated:

> The "missing witness" rule, as it is often called, holds generally that "when a potential witness is available to only one of the parties to a trial, and it appears this witness has special information material to the issue, and this person's testimony would not be merely cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable." *Commonwealth v. Moore*, 453 Pa. 302, 305, 309 A.2d 569, 570 (1973).

267 Pa.Super. at 533–534, 407 A.2d at 38. "Such an instruction is not necessary if the witness is available to both parties, i. e., the witness is not peculiarly within the control of one party." *Commonwealth v. Taylor*, 259 Pa.Super. 484, 493, 393 A.2d 929, 934 (1978).

■ There is no indication in the record that the nonvictim eyewitnesses were peculiarly within the control of the Commonwealth. Accordingly, the lower court was justified in refusing appellant's request for a missing witness charge.[2]

Appellant last contends that certain comments by the prosecutor during closing argument to the jury were improper and deprived him of a fair trial. Defense counsel ended his closing argument by stating: "This man is innocent. This man is innocent of the charges against him." During his closing argument, the prosecutor remarked:

Now, you've heard some comments by the Defense Lawyer in this case; namely, to wit: The Defense Lawyer tells you his man is innocent. That was his last words to

---

2. Appellant also contends that the lower court erred in not allowing the Clerk of Quarter Sessions to testify. At trial, defense counsel sought to prove that the nonvictim eyewitnesses were not available to the defense by having the Clerk of Quarter Sessions testify that appellant had been in custody since his arrest. The trial judge sustained the prosecutor's objection to this offer of proof.

Assuming, arguendo, that appellant's incarceration from the time of arrest until trial prevented the defense from locating the eyewitnesses, appellant would still not be entitled to a missing witness charge because this evidence would not show that the witnesses were peculiarly within the control of the Commonwealth. Commonwealth v. Taylor, supra. Consequently, the lower court properly sustained the prosecutor's objection to defense counsel's offer of proof.

Additionally, appellant contends that the lower court erred in initially allowing defense counsel to discuss in his closing argument the failure of the eyewitnesses to testify, but then sustaining the prosecutor's objection and telling the jury that the witnesses were equally available to both sides. During defense counsel's closing argument, he referred to the nonvictim eyewitnesses and stated: "You would think that you would want to know what these other people had to say." The trial judge then overruled the prosecutor's objection to this remark. Defense counsel subsequently asked the jury: "Why didn't these witnesses come into court and testify before this jury as to what happened in this house?" After the prosecutor objected, the trial judge stated: "I will sustain these objections because these witnesses were equally available to both sides.

This contention is without merit. Because appellant was not entitled to a missing witness charge, the lower court properly referred to allow defense counsel to argue that the jury should infer that the witnesses' testimony would not favor the Commonwealth. Additionally, appellant was not prejudiced by the trial judge's comment that the witnesses were equally available to both sides.

you, his man is innocent. Well, who ever elected him as a juror? He's not a juror. He tells you the man is innocent; that should make not one bit of difference to you. It's against the Cannons [*sic*] of Ethics for him to tell you that.

Defense counsel then objected but did not request a cautionary instruction or a mistrial. After the trial judge overruled the objection, the prosecutor continued: "He cannot comment on the credibility of his witnesses who he believes and if he believes his man is innocent." The trial judge again overruled defense counsel's objection.[3]

Our Supreme Court has stated:

"[C]omments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. McNeal*, 456 Pa. 394, 400, 319 A.2d 669, 673 (1974) (citations omitted). "[W]hether this standard has been violated by the language of the district attorney is not in the first instance our decision to make. It is the duty of the trial judge to rule upon the comments; this Court is limited in its review to whether the trial court abused its discretion." *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). "We recognize that a district attorney must have reasonable latitude in fairly presenting a case to the jury, and that the trial judge must have reasonable discretion in deciding whether the bounds of propriety have been exceeded." *Commonwealth v. Cronin*, 464 Pa. 138, 143, 346 A.2d 59, 62 (1975).

*Commonwealth v. Van Cliff*, 483 Pa. 576, 582–583, 397 A.2d 1173, 1176 (1979).

**3.** Our Supreme Court has held that where defense counsel objects to the prosecutor's closing argument without requesting a mistrial, and the trial judge overrules the objection, the issue of the propriety of the prosecutor's remarks is preserved for appellate review because "a motion for a mistrial would be an exercise in futility." *Commonwealth v. Maloney*, 469 Pa. 342, 352, 365 A.2d 1237, 1242 (1976).

In response to appellant's contention, the Commonwealth argues that defense counsel violated Disciplinary Rule 7–106(c)(4) of the Code of Professional Responsibility by expressing his opinion that appellant was innocent and that the prosecutor's remarks were justified as a retaliatory response to defense counsel's improper remarks. *See Commonwealth v. Van Cliff, supra,* 483 Pa. at 583–585, 397 A.2d at 1177; *Commonwealth v. Starks,* 479 Pa. 51, 59, 387 A.2d 829, 833 (1978); *Commonwealth v. Stoltzfus, supra,* 479 Pa. at 61–62, 387 A.2d at 882. We believe that the prosecutor's remarks "exceeded that which was necessary to effective rebuttal." *Commonwealth v. Starks, supra,* 479 Pa. at 59, 387 A.2d at 833. If the prosecutor believed that defense counsel violated the canons of ethics, he should have objected during defense counsel's closing argument; it was improper for the prosecutor to raise this objection for the first time in his closing argument. *See id.* at 59 n. 1, 387 A.2d at 833 n. 1. Although we conclude that this remark was improper, we believe that its impact on the jury was not so prejudicial as to require granting appellant a new trial.

Appellant also contends that the following remarks of the prosecutor during closing argument deprived him of a fair trial:

[PROSECUTOR]: . . . . Ladies and gentlemen, I don't usually go into talking about the Bible and things like that. There's something from the Bible that says, "What you do for the least of these, my children, you do for me." Sam Robinson and Charles Robinson and William Thomas and Raymond DeBrest [the victims of the robbery] and the ladies that were there, they're not the Rockefellers; you know, who's the guy around here–Pugh. They are some of the least children of our society, and can't we protect them? Can you do something for them?

[DEFENSE COUNSEL]: Objection.

THE COURT: No, this is argument. I'll overrule the objection.

[PROSECUTOR]: That is a principle in this case, ladies and gentlemen, because if we cannot protect Samuel

Robinson in his castle, his little piece of security up there in North Philly, we might as well give it all up. Let's all go get armed.

[DEFENSE COUNSEL]: Objection.

[PROSECUTOR]: Bring back Dodge City.

[DEFENSE COUNSEL]: Objection.

. . . . .

THE COURT: . . .. [The prosecutor] is getting a little closer to the edge, but I am certain he will not go beyond it. All right.

[PROSECUTOR]: . . ..

I'm not telling you to–you know, to throw out the evidence and merely convict, protect Sam Robinson's house, his castle. The evidence you must weigh and you must take into account all the evidence. So, just keep that in mind. A man's home is his castle and a man has a right to security in his castle. And weigh the evidence in this case . . ..

At the end of the prosecutor's argument, defense counsel requested a mistrial, which the trial judge denied.

"Although appeals to prejudice and passion are not to be approved, we have held that a District Attorney in his arguments, within proper limits, may argue for law and order and remind the jury of the danger to the community posed by persons prone to resort to violence." *Commonwealth v. Feiling*, 214 Pa.Super. 207, 212, 252 A.2d 200, 203 (1969). *See also Commonwealth v. Lee*, 261 Pa.Super. 48, 52–53, 395 A.2d 935, 938 (1978); *Commonwealth v. McHugh*, 187 Pa.Super. 568, 576, 145 A.2d 896, 901 (1958).

▆ We believe that it is significant in this case that after stating that Samuel Robinson's home must be protected, the prosecutor reminded the jury that it must decide the case on the basis of the evidence. *See Commonwealth v. Perkins*, 473 Pa. 116, 136, 373 A.2d 1076, 1086 (1977) (plurality opinion). While we do not approve of the prosecutor's remarks, we conclude that the lower court did not abuse its discretion

in refusing to grant a mistrial. *Commonwealth v. Van Cliff,
supra.*[4]

Judgment of sentence affirmed.

**4.** Appellant also contends that he was deprived of a fair trial when
the prosecutor laughed during defense counsel's closing argument.
This issue, however, was not included in appellant's post–trial mo-
tions and was not considered by the lower court. Consequently, it is
not preserved for our review. *See* cases cited note 1 *supra.*