J-S27019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY HANLEY | : | |
| | : | |
| Appellant | : | No. 1281 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012841-2019

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED: OCTOBER 6, 2021**

Appellant Zachary Hanley appeals from the judgment of sentence made final by the order denying his motion for a new trial based on the weight of the evidence. Appellant contends that the alleged victim provided contradictory and unreliable testimony at trial, and the trial court erred in denying the motion for a new trial. We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> This matter arises from the arrest of Appellant following a confrontation between Appellant and his former employer, Fred Foreman (Foreman), in the Allentown neighborhood of the City of Pittsburgh. At trial, the Commonwealth presented the testimony of Foreman who owned and operated a tree service company. On June 21, 2019, Foreman received a phone call from a prospective customer to provide an estimate for some tree removal. Foreman

_____

[*] Retired Senior Judge assigned to the Superior Court.

arrived at the address to give the estimate and met with a man who told him that he wanted some trees cleaned from the side of a house. After speaking to the man for less than a minute Appellant suddenly approached Foreman from behind. Foreman testified that Appellant had worked for him occasionally for approximately two years. The last time Appellant had worked for him was more than a year prior to the date of the incident. Foreman testified that although his appearance had changed, he clearly recognized Appellant. When Appellant approached him from behind Appellant told Foreman that he knew it was Friday and that he had money on him to pay his day laborers in cash. Foreman testified that he was carrying approximately $1,000.00 in cash and Appellant demanded the money. When Foreman refused to give him the cash, Appellant grabbed him by his shirt and again demanded the money. Foreman testified that he had a heart condition and was wearing a heart monitor and did not want to get upset or in an altercation, so he reached into his pocket and "pulled out a couple dollars" from the cash in his pocket and that Appellant took the money and fled. Foreman testified that Appellant took $125.00. Foreman then called the police.

On cross examination Foreman acknowledged that when Appellant approached him from behind Appellant claimed that Foreman owed him money. Foreman testified that he had never failed to pay Appellant when he worked for him. Foreman testified that he routinely carries several hundred dollars in cash while working as there are times that cash is needed to pay for unexpected expenses during the workday. Foreman testified that he did not know exactly how much money he had in his possession on the date of the incident and further acknowledged that at the preliminary hearing he had testified that he had $700 to $800 in his possession and that Appellant took $150.00 instead of $125.00.

The Commonwealth also called Officer Shenandoah Welsh of the Pittsburgh Police who testified that he was called to the scene for a robbery and met Foreman who told him he had been robbed by a former employee. Officer Welsh testified that when Foreman identified the former employee as Appellant, he knew Appellant from prior dealings. Officer Welsh testified that he knew Appellant lived near the residences where he was last seen and based on the information received from Foreman he applied for an arrest warrant. Officer Welsh testified that they attempted to locate or identify the man to whom Foreman was talking when Appellant approached him from behind but were unable to find him.

- 2 -

In his defense, Appellant testified he was going to his mother's house in the area when he saw Foreman talking to a man on the street and confronted him and got into an argument over money that he claimed he was owed from a year before. Appellant testified that "I told the customer that he was giving the bid to that he was a bad guy, and that was pretty much it." Appellant testified that he then left the scene but later as he was leaving his own home he saw Foreman again and they got into another argument and he then left the scene again and Foreman then called the police. Appellant testified that when he first argued with Foreman he told him he owed him $108.00 for previous work. He denied ever touching Foreman or taking any money from him and he believed that the comment that he made to the prospective customer had caused Foreman not to get the job. After consideration of the evidence as set forth above, Appellant was found guilty of theft by unlawful taking[1] . . . .

Trial Ct. Op., 3/16/21, at 2-5 (some formatting altered and record citations omitted).

On October 15, 2020, the trial court sentenced Appellant on the single count of theft by unlawful taking to a term of one-year of county-supervised probation and included as part of the sentence restitution in the amount of $120.00. Sentencing Order, 10/15/20. Appellant filed a post-sentence motion on October 21, 2020, which the trial court denied on October 26, 2020. Appellant subsequently filed a timely notice of appeal. On December 21, 2020, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on January 11, 2021, and the trial court filed its Rule 1925(a) opinion on March 16, 2021.

---

[1] 18 Pa.C.S. § 3921(a).

On appeal, Appellant raises the following issue:

Was the verdict against the weight of the evidence since the victim harbored ill-will against Appellant and since the victim did not know how much money he had, the victim could not say how much money was taken thus rendering the evidence so weak and inconclusive to establish that Appellant took any money from the victim?

Appellant's Brief at 4 (some formatting altered).[2]

It is well settled that an appellant must raise a weight of the evidence challenge "with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."  Pa.R.Crim.P. 607(A) (some formatting altered).  Our review reveals that Appellant raised his weight of the evidence claim in his post-sentence motion.  Post-sentence Mot., 10/21/20.  Accordingly, we conclude that Appellant complied with the

---

[2] In his Rule 1925(b) statement, Appellant also asserted that he was entitled to an adverse inference for a missing witness.  Rule 1925(b) Statement at ¶ 11(a).  However, Appellant has not addressed or argued this issue in his appellate brief, and Appellant provides only a brief accusation that the police "did not attempt at a later time to locate and interview the African American man who was an important, fact witness."  Appellant's Brief at 13.  Appellant never mentions or discusses the application of an adverse inference for a missing witness, and, therefore, we are constrained to conclude that Appellant waived this issue. *See Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived").  Were we to reach this issue, we would affirm on the basis of the trial court's analysis and discussion of this issue in its Rule 1925(a) opinion. *See* Trial Ct. Op. at 7-9; *see also Commonwealth v. Brown*, 407 A.2d 36 (Pa. Super. 1979) (applying the missing witness adverse inference where the trial court is the factfinder in a bench trial).

requirements of Rule 607, and we turn now to the merits of his claim. Pa.R.Crim.P. 607(A)(3).

Appellant argues Foreman's statements to the police and preliminary hearing testimony contrasted with his trial testimony, and Foreman's testimony was not credible because he harbored ill will toward Appellant. Appellant's Brief at 10-14. Appellant concludes that the trial court abused its discretion in denying Appellant's motion for a new trial. *Id.* at 14-15.

The Commonwealth responds that Foreman testified that he carried a large sum of cash with him on Fridays to pay his laborers. Commonwealth's Brief at 12. The Commonwealth notes that Foreman further testified: Appellant was a former employee who knew that Foreman carried cash on Fridays, Appellant grabbed Foreman and demanded money, Foreman pulled some of the cash out his pocket, Appellant grabbed the cash and then fled. *Id.* at 13. Additionally, the Commonwealth asserts that although Foreman stated at the preliminary hearing that Appellant took $150.00 as opposed to $120.00, Foreman acknowledged his uncertainty as to the exact amount. *Id.* The Commonwealth contends that this minor discrepancy between Foreman's testimony at trial and the preliminary hearing did not undermine Foreman's credibility. *Id.*

Our standard of review governing a challenge to the weight of the evidence is as follows:

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court

- 5 -

cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the [trial] court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa. Super. 2012) (citation omitted).

Moreover, this Court has explained:

[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012) (citations omitted).

The trial court addressed Appellant's contention as follows:

In this case [Appellant] asserts that the verdict was against the weight of the evidence because [Foreman's] testimony was so inherently unreliable and contradictory that a verdict based upon it amounts to no more than conjecture. Specifically, [Appellant] alleges that [Foreman] was biased and harbored ill-will against [Appellant] as evidenced by the fact that [Foreman] threatened to "kick [Appellant's] ass." However, it is clear from the testimony that [Foreman] made this statement not because of any bias or ill will but as a result of the fact that [Appellant] had just stolen money from him, and [Foreman] explained that if he had been healthier he would have fought [Appellant] rather than turn over any money to him.

[Appellant] also asserts that [Foreman's] testimony was biased because [Foreman] owed [Appellant] money and [Appellant's] statements in front of a prospective customer had cost [Foreman]

the job.  However, [Foreman's] testimony was credible that he did not owe [Appellant] money for work he had done more than a year before and there was no credible evidence that [Appellant's] actions had prevented [Foreman] from getting the job he had been called to bid on.

[Appellant] further alleges that [Foreman's] testimony was contradictory in that the victim was unable to say how much money was allegedly taken, did not know the denominations of the money that was taken, nor did he even know exactly how much money he had in his pocket at the time.  [Appellant] also asserts that [Foreman's] testimony differed from his preliminary hearing testimony and [from Foreman's] statements to the police. Again, however, [Foreman] credibly testified that he routinely carried large amounts of cash during the workday and that when [Appellant] demanded the money [in Foreman's] pocket, he did not want to pull out the entire amount believing that [Appellant] would grab it all, so he pulled out "a couple dollars" which [Appellant] then took and fled.  [Foreman] explained that he did not know exactly the amount or the denominations of the bills that he pulled from his pocket.  The fact that there was some discrepancy between [Foreman's] earlier statements or testimony and his trial testimony did not undermine the credibility of his testimony.

Trial Ct. Op. at 5-7.

After review, we discern no abuse of discretion by the trial court in rejecting Appellant's contention that the verdict was against the weight of the evidence, and we conclude that there is nothing about the trial court's verdict that shocks one's sense of justice.  *See Shaffer*, 40 A.3d at 1253.  The trial court, sitting as the finder of fact, was free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  *See id.*  We agree with the trial court that Appellant's claims of ill will are meritless and discern no abuse of discretion in the trial court crediting Foreman's testimony that he did not owe Appellant any money.  *See* Trial Ct. Op. at 5-6.  Moreover,

Foreman testified that Appellant grabbed him and demanded money, Foreman retrieved some of the money that he was carrying, Appellant grabbed the cash and fled, and the trial court concluded that Foreman's testimony was credible. *See id.* at 6-7. We conclude that any discrepancy between Foreman's preliminary hearing testimony claiming the amount stolen was $150.00, and trial testimony where he said that the amount stolen was $120.00, was not so unreliable or contradictory as to make the verdict mere conjecture. *See Bowen*, 55 A.3d at 1262. Accordingly, we find no abuse of discretion in the trial court denying Appellant's motion for a new trial, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2021