J-A16026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNIE WORRELL | : | |
| | : | |
| Appellant | : | No. 948 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005718-2022

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED AUGUST 27, 2025**

Donnie Worrell appeals from the judgment of sentence entered after he was convicted of burglary, criminal trespass, and criminal mischief.[1] He argues that the evidence was insufficient to sustain his convictions, the verdict was against the weight of the evidence, and that the court erred in granting evidentiary rulings. We reverse in part.

On July 18, 2022, at around 4:45 a.m., police officers arrived on scene of a U-Haul storage facility located on Woodland Avenue in Philadelphia, Pennsylvania. At the scene, Officer Knajee Byers noticed a broken window, a tractor-trailer out front, and a ladder near the tractor-trailer. Once the officer went inside the storage facility, he encountered Worrell pushing a lawnmower toward an exit door. Worrell informed the officer that he was retrieving his

_____

[1] 18 Pa. C.S.A. §§ 3502(a)(4) (burglary of an unoccupied structure); 3503 (a)(1)(ii) (criminal trespass); 3304(a)(5) (criminal mischief).

belongings from the storage facility and that he had broken the window. Worrell stated that he never took anyone else's belongings and only removed his personal items from the storage facility. He also told Officer Byers that before entering the storage facility, he had an argument with U-Haul staff. Police retrieved an access card from Worrell, and he stated that his card was denied on the door where he attempted to enter. The officers arrested Worrell and charged him with burglary and related offenses.

The case proceeded to a non-jury trial on September 27, 2023. The trial court found Worrell guilty of all charges. On November 20, 2023, at the start of the sentencing hearing, Worrell's counsel made an oral motion for extraordinary relief on the burglary charge, which the court denied. The court then sentenced Worrell to 9 to 18 months in custody with immediate parole on the burglary charge, a concurrent sentence of 2 years reporting probation on the criminal trespass charge, and no further penalty on the criminal mischief charge. On November 27, 2023, Worrell moved for reconsideration, which the court denied on March 8, 2024. Worrell timely appealed on March 20, 2024.

Worrell and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. Notably, in its 1925(a) opinion, the trial court conceded that the burglary sentence should be reversed based on sufficiency and weight of the evidence. The court suggested that all other aspects of the sentence should be affirmed.

On appeal, Worrell raises three issues which we have reordered for ease of disposition:

I.  Whether the evidence was insufficient as a matter of law as to burglary, criminal trespass, and criminal mischief?

II.  Whether the verdict was against the weight of the evidence?

III.  Whether the trial court erred in granting evidentiary rulings as to inadmissible evidence and adverse inference?

Worrell's brief at 7.

In his first issue, Worrell challenges the sufficiency of the evidence for each of his convictions. Our standard of review when reviewing a sufficiency challenge is *de novo* and our scope of review is plenary. **Commonwealth v. Sanchez**, 36 A.3d 24, 37 (Pa. 2011).

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, [were] sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt.

**Commonwealth v. Diamond**, 83 A.3d 119, 126 (Pa. 2013).

The Pennsylvania Crimes Code provides that a person commits burglary of an unoccupied structure when, "with the intent to commit a crime therein," he "enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present." 18 Pa.C.S.A. §3502 (a)(4).

The "specific intent to commit a crime necessary to establish the intent element of burglary may be found in a defendant's words or conduct, or from the attendant circumstances together with all reasonable inferences therefrom." *Commonwealth v. Eck*, 654, A.2d 1104, 1108-09 (Pa. Super. 1995). However, forced entry, without more, is insufficient evidence of the intent required for burglary. *Commonwealth v. Wilamowski*, 633 A.2d 141, 144 (Pa. 1993). Whether the Commonwealth met its burden depends on the "totality of the circumstances." *Id.*

Worrell argues that the Commonwealth did not establish the burglary charge beyond a reasonable doubt. Worrell contends that the Commonwealth did not present evidence that he entered the U-Haul building with the intent to commit a crime therein. Although Worrell was found inside the storage facility, he had an access card with him that he believed would work, and he entered the building to retrieve his personal equipment. He states that the testimony of Officer Byers at the preliminary hearing established that he did not take another person's belongings, did not threaten or hit anyone, nor did the officer see him committing any crimes within the facility.

Viewed in the light most favorable to the Commonwealth, we agree that the evidence was insufficient to sustain Worrell's conviction for burglary under Section 3502(a)(4). At best, the evidence demonstrates that Worrell broke a window and entered the U-Haul facility; however, there is no evidence to support the requisite *mens rea*. The only direct evidence of Worrell's intent was his statement to Officer Byers that "he was coming to retrieve his items."

- 4 -

N.T., 9/27/2023, at 19. There was no other evidence, direct or circumstantial, that Worrell intended to commit a crime *inside* the U-Haul facility. The evidence does not support a reasonable inference that Worrell intended to do anything other than retrieve his own items. Forced entry, without more, is insufficient to support the intent required for burglary. *Wilamowski supra*. Thus, we agree with Worrell and the trial court, and we vacate the burglary conviction.

With respect to criminal trespass, the Crimes Code provides a person commits the offense when "***knowing that he is not licensed or privileged to do so***, he breaks into any building or occupied structure or separately secured or occupied portion thereof." 18 Pa. C.S.A. § 3503(a)(1)(ii) (emphasis added).

Worrel argues that the Commonwealth did not prove the requisite *mens rea* for the criminal trespass charge beyond a reasonable doubt. Rather, Worrell contends he had reason to believe he was privileged and licensed to enter the facility because he had an access card, and he rented a storage unit on the premises. We disagree.

Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to sustain Worrell's conviction of criminal trespass. At trial, the Commonwealth proved that Worrell came to the U-Haul facility in the middle of the night, when no one was there; that he had an access card that he acknowledged did not work; and that he broke in by smashing a pane out of a glass door. N.T., 9/27/23. at 19-22. This evidence was sufficient to prove

that Worrell knew that he did not have U-Haul's permission to be on the property at that time. *Cf. Commonwealth v. Gordon*, 477 A.2d 1342, 1348 (Pa. Super. 1984) (knowledge of defendant's lack of privilege to enter a building could be inferred from the evidence of the time and manner of his entry). Thus, this sufficiency challenge fails.

Finally, the Crimes Code provides that a person is guilty of criminal mischief under 18 Pa. C.S.A. § 3304(a)(5) when he "intentionally damages real or personal property of another."

Worrell argues that the Commonwealth failed to prove the requisite *mens rea* beyond a reasonable doubt. Worrell contends that the testimony suggests that he did not **intentionally** break the window and instead could have done so unintentionally as he was still emotional from his telephone conversation with U-Haul. Worrell relies on the following testimony from Officer Byers to support his claim:

> Q: And you observed – the only damage that you observed in the entire facility was to the window, correct?
>
> A: Yes.
>
> Q: He also said that he was in an argument from someone from U-Haul prior to being inside there; is that correct?
>
> A: Yes.
>
> Q: Okay. And did he seem like he was angry when you spoke to him?
>
> A: Yeah, he was upset.
>
> Q: He seemed angry?

A: He was upset.

Q: When you asked him whether or not he broke the window and he said yes, is that all he said?

A: To my recollection, I believe he just said, yeah. I don't know if he said anything else after that.

Q: But you weren't there when the window was broken?

A: No.

Q: And you don't know if he kicked the window intentionally or was angry? You just don't know that information?

A: No.

N.T., 9/27/2023, at 22-23.

Worrell asserts that it is difficult to determine intent based on his statements to the officer alone and that the court could not infer his intent based simply on these statements. Thus, he concludes that he did not have the requisite intent to be found guilty of criminal mischief. Again, we disagree.

Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to sustain Worrell's conviction of criminal mischief. Worrell admitted to breaking the window, and it could be reasonably inferred that he did so intentionally. As the trial court noted, "no other inference would have been reasonable." Trial Court Opinion, 9/30/24, at 9. This sufficiency challenge also fails.

Regarding Worrell's first issue, we conclude the Commonwealth produced insufficient evidence to support a conviction for burglary, but produced sufficient evidence of criminal trespass and criminal mischief.

In his second issue, Worrell challenges the weight of the evidence. Our standard of review is whether the trial court abused its discretion. ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (citations omitted). The trial court first determines whether the verdict shocked its conscience, we then review that determination for an abuse of discretion. ***Commonwealth v. Sandoval***, 266 A.3d 1098, 1101 (Pa. Super. 2021). "An abuse of discretion is not merely an error of judgment but is rather (1) the overriding or misapplication of the law, (2) the exercise of judgment that is manifestly unreasonable, or (3) the result of bias, prejudice, ill-will, or partiality, as shown by the evidence of record." ***Id.***

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witness. ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). An appellate court cannot substitute its judgment for that of the factfinder. ***Id.*** Further, we observe a logical inconsistency in challenging the weight of the evidence after a non-jury verdict. ***See Commonwealth v. Banniger***, 303 A.3d 1085, 1095 (Pa. Super. 2023) (asking a judge in a non-jury trial, who determined the weight and admissibility of evidence, to find their own verdict shocked their conscience would be highly incongruous).

Here, Worrell argues that the testimony presented in this case did not support a guilty verdict on the above charges. Again, the trial court conceded that its burglary verdict was against the weight of the evidence. However,

the trial court rejected Worrell's weight claim as to criminal trespass and criminal mischief. The court stated that "ample evidence proved his guilt of these charges, and the verdicts were not against the weight of the evidence." T.C.O., 9/30/2024, at 9. Our review of the record supports the trial court's conclusion. We discern no abuse of discretion. Worrell's second issue fails.

In his third issue, Worrell challenges two evidentiary rulings by the trial court. Worrell contends that the trial court erred: (1) by granting certain evidentiary rulings regarding testimony based on an improper foundation of knowledge or expertise and (2) by not drawing an adverse inference against the Commonwealth for its failure to produce video evidence.

First, Worrell claims that Officer Byers did not have the requisite knowledge or expertise to offer his opinion on whether U-Haul was open for business on the day in question. Worrell argues that this was prejudicial as the officer's testimony goes directly to the charges for which he was convicted.

Second, Worrell argues that the trial court should have drawn an adverse inference against the Commonwealth because the Commonwealth failed to produce video evidence as it related to Worrell's mental state and actions when the window was broken and when Worrell entered the storage facility. Worrell's counsel claimed that the Commonwealth submitted that it had a video and a witness on call, who was the custodian of the video. The Commonwealth never called this witness or produced the video footage. Because the Commonwealth did not call the witness or play the video for the

trial court, Worrell contends that the court should have drawn an adverse inference that the video footage would have been in his favor.

Decisions regarding evidence are within the sound discretion of the trial court and will not be reversed absent a flagrant abuse of that discretion. **Commonwealth v. Meadows***, 553 A.2d 1006 (Pa. Super 1989) (citations omitted).* The admission or exclusion of evidence, regarding relevance, is a matter committed to the trial court's discretion. Moreover, when the court is sitting as factfinder, it is presumed that the court disregards inadmissible evidence and considers only relevant and competent evidence. **Commonwealth v. Davis***, 421 A.2d 179 (Pa. 1980).*

Here, the trial court reasoned that the Commonwealth laid an adequate foundation for Officer Byers to testify that U-Haul was closed at 4:45 a.m.:

> The officer's testimony that there were no customers or employees at the facility when he arrived, along with his prior observations that the facility was deserted at 4:45 a.m., were a sufficient foundation for his opinion that the business was closed. *See* Pa.R.E. 602. Moreover, even if this [c]ourt erred in admitting the testimony, the error was harmless. The relevant question was not whether, in theory, people other than [Worrell] could do business at the facility at 4:45 a.m.; it was whether [Worrell] knew that he, in particular, was not allowed to be there. As discussed above, the testimony that [Worrell] broke into the facility in the middle of the night and angrily told Officer Byers that he was in an "argument" with the facility's owners proved [Worrell]'s knowledge.

T.C.O., 9/30/24, at 10.

The trial court went on to state that even if it had erred in admitting the testimony, the error was harmless. Regarding the video, the trial court stated

that they had no information about the video, other than Worrell's counsel's unsupported arguments. The court did not hear any evidence of whether a video existed; what the video contained; whether anyone preserved it; whether the police or the District Attorney's office ever had a copy of it; or whether, and to what extent, the Commonwealth was at fault for the fact that the video was not produced. Given this lack of information, the trial court explained that it could not fairly infer from the video's absence that the video's contents were damaging to the Commonwealth.

We discern no abuse of discretion regarding the trial court's handling of either of Worrells evidentiary challenges. Again, the trial court, in a bench trial, is presumed to consider only relevant and admissible evidence. **Davis, supra**. Officer Byers' testimony as to whether the U-Haul facility was open was not prejudicial to Worrell, because Worrell admitted that his access card did not work and that he broke the window.

Also, the trial court did not abuse its discretion when it failed to draw an adverse inference against the Commonwealth for not presenting video footage or calling the custodian of the video to testify. The record contains no evidence, other than Worrell's counsel's assertion, that such a video even exists. Because Worrell failed to show that the video was in the Commonwealth's exclusive control, or that it was ever in its control at all, an adverse inference was not permitted. **See e.g. Commonwealth v. Evans**, 664 A.2d 570, 574 Pa. Super. 1995) ("to allow [an adverse inference], the [evidence] must be available only to the Commonwealth and not the

defendant"). Moreover, evidence must be material before a court may permit an adverse inference. ***Commonwealth v. Miller***, 172 A.3d 632, 645 (Pa. Super. 2017). Here, however, Worrell did not show materiality. Instead, he admitted that he "[did not] know what [the video] would show." N.T., 9/27/23, at 32. Finally, any adverse inference would only be permissible; it is not mandatory. ***See Commonwealth v. Brown***, 407 A.2d 36, 39 (Pa. Super. 1979). Thus, the court was not required to find an adverse inference even if one was permitted under the facts. Worrell's final issue fails.

Conviction for burglary reversed. Remaining convictions affirmed. Judgment of sentence vacated as to burglary only.[2] Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/27/2025

---

[2] Because the probation sentence for criminal trespass was concurrent to the burglary sentence for which Worrell was immediately paroled, our vacating the burglary sentence does not disrupt the overall sentencing scheme. The trial court agreed that the sentence for the remaining convictions would remain the same. T.C.O., 9/30/24, at 12. Thus, we need not remand for resentencing on the convictions that we affirmed.